## Mapp *v.* Philadelphia, Appellant.

Argued January 20, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Frank J. Pfizenmayer,* Assistant City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*Carl M. Mazzocone,* with him *Sheer & Mazzocone,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

This case presents a narrow procedural question. Claimant appellee received a Workmen's Compensation award from the referee for emotional disturbances which he found resulted from her activities as policewoman. The Workmen's Compensation Board reversed, and this ruling was affirmed by the court of common pleas. The Superior Court reversed and reinstated the referee's decision, holding that appellant, City of Philadelphia, had failed to file a timely appeal with the board from the referee's decision. This Court granted allocatur.

The referee's decision was mailed to the city on October 17, 1961 and was received the next day. The city mailed its appeal on November 6, 1961, and it apparently was received on November 8. The Act of June 2, 1915, P. L. 736, §423, as amended, 77 P.S. §853, provides that a party may "take an appeal" from a referee's decision within 20 days after notice of the referee's award. The act provides that notice is to be deemed served on the date when the referee's decision is mailed, here October 17, 77 P.S. §717. The period

in which an appeal must be filed starts to run on the next day, Act of May 28, 1937, P. L. 1019, as amended, 46 P.S. §538 (Supp. 1967), here on October 18. November 6, the date on which the city mailed its appeal, is the 20th day from October 18. The Superior Court held that the appeal, to be perfected for these purposes, must be received, not merely mailed, by the 20th day, thus finding the city's appeal to be untimely.

The back of the notice of the referee's decision informs the parties of the requirements for taking an appeal. It explicitly states: "An appeal will be considered as filed within the prescribed time if it is *mailed to* the Board, properly stamped and addressed, on the twentieth day after such notice. Thus if a decision is mailed to the parties January 1, the appeal must be *mailed to* the Board not later than January 21." (Emphasis added.) The parties are thus told that the appeal must be mailed, not received within the 20 day period. By mailing its appeal on November 6, the city complied with this requirement.

The order of the Superior Court is vacated and the case is remanded to the Superior Court for a decision on the merits.