Ruby L. Mapp, Appellant, *v.* City of Philadelphia
and Workmen's Compensation Appeal Board,
Appellees.

Argued February 4, 1974, before Judges CRUMLISH,
JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and
BLATT. President Judge BOWMAN did not participate.

*Carl M. Mazzocone,* with him *Mazzocone & Quinn,* for appellant.

*Nicholas Panarella, Jr.,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, April 3, 1974:

This workmen's compensation case has a history of more than 18 years. We approach this appeal with the sincere hope that our resolution of the matter will hasten rather than further prolong the inevitable, although so far elusive, termination of the case.

The factual background was succinctly set forth by Judge HOFFMAN, writing for the Superior Court in *Mapp v. Philadelphia,* 215 Pa. Superior Ct. 101, 102-03, 257 A. 2d 306, 307 (1969) : "Appellant, Ruby Mapp, then twenty-four years old, joined the Philadelphia police force on April 25, 1955, having been certified as fit for duty by the Police Department medical examiner. After a period of training lasting two to three weeks which was devoted to orientation procedures in the police department, appellant volunteered to act as an undercover agent seeking evidence of the narcotics trade. This was the first instance that a woman was used by the police department for undercover work. Appellant assumed the identity of a narcotics user and prostitute and worked as a part-time waitress. For the next five months she was required to go without food or sleep on occasion and work long hours. Finally, on October 18-19, 1955, based in part on information

which appellant had furnished, the Philadelphia police staged the largest narcotics raid in Philadelphia history. Approximately 200 suspects were arrested, booked and held for preliminary hearings. For the thirty-six hour period during which the raid took place and the suspects were held for preliminary hearings, appellant, in addition to her physical exertion, went without sleep. During that time she identified suspects when they were arrested and testified at their preliminary hearings the next morning. Ten days later, appellant, during a ceremony in which she received an award of commendation from the Mayor of Philadelphia for her extraordinary efforts, collapsed. She was taken from the Mayor's Reception Room to the Philadelphia General Hospital, where she was diagnosed as suffering from gastro-intestinal difficulties and confined for five days. Subsequently, appellant suffered a marked psycho-neurotic reaction."

The procedural background is like a fabric that has woven into it an unending thread. Ruby L. Mapp (claimant) filed a claim seeking an award under The Pennsylvania Workmen's Compensation Act[1] for disability suffered by her as a result of excessive stress and strain causing marked physical and mental deterioration and psychoneurotic reaction as a result of an accident sustained on or about October 19, 1955. The workmen's compensation referee found in favor of the claimant, deciding that she had been subjected to a combination of unusual exertion, stress and strain, causing overexertion and marked psychoneurotic reaction.

The City of Philadelphia (City) filed an appeal[2] from the referee's award, raising the single question

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq.
[2] The timeliness of this appeal became a subject of litigation resulting in a determination that the appeal was timely. *Mapp v.*

of whether claimant's claim was barred by the Statute of Limitations.[3] The Workmen's Compensation Appeal Board (Board), sua sponte, reviewed issues which had not been questioned by the City, namely, claimant's accident and disability, and found claimant had not suffered an accident within the meaning of The Pennsylvania Workmen's Compensation Act. On appeal from this determination, the Court of Common Pleas of Philadelphia County affirmed the Board on September 15, 1967.

An appeal was taken to the Superior Court which reversed the order of the Court of Common Pleas of Philadelphia County and reinstated the order of the referee awarding benefits to the claimant. *Mapp v. Philadelphia*, 212 Pa. Superior Ct. 319, 243 A. 2d 479 (1968). This was followed by the Supreme Court's vacating the order of the Superior Court on a procedural question and remanding the case to the Superior Court for a decision on the merits. *Mapp v. Philadelphia*, 433 Pa. 517, 252 A. 2d 684 (1969). The Superior Court, after an incisive discussion of the issues and applicable law, remanded the case to the Board for reconsideration in light of *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969),[4] and directed that the Board should reconsider whether claimant suffered an accident in the course of her employment and,

---

*Philadelphia*, 212 Pa. Superior Ct. 319, 243 A. 2d 479 (1968), *vacated and case remanded*, 433 Pa. 517, 252 A. 2d 684 (1969).

[3] The Superior Court ruled against the City on this contention in *Mapp v. Philadelphia*, 215 Pa. Superior Ct. 101, 257 A. 2d 306 (1969). The City did not appeal this ruling.

[4] The Board only considered the work patterns of claimant's profession in general in determining whether she had suffered an unusual strain. In *Hamilton v. Procon, supra*, it was held that the unusual strain doctrine is to be applied according to the work history of the individual involved and not according to the work patterns of his profession in general.

if so, whether such accident aggravated her preexisting condition so as to contribute to her subsequent disability. *Mapp v. Philadelphia*, 215 Pa. Superior Ct. 101, 257 A. 2d 306 (1969).

After 45 months of reconsideration by the Board, it filed an order on June 21, 1973 disallowing the claim petition of Ruby L. Mapp. The Board, "after a review of the record," concluded that, "considering the individual work history of claimant, she did not sustain an unusual strain." The Board further stated that it accepted the testimony of Dr. Bullock and his conclusion that claimant's disability was caused by her emotional instability rather than overexertion.

However, the Board failed to give consideration to the 1972 amendments to The Pennsylvania Workmen's Compensation Act[5] or to our decision filed June 11, 1973 in *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). Therefore, because the Board took no evidence and did not hold that the referee's findings were unsupported by competent evidence, we must follow *Universal Cyclops* and rely on the facts as found by the referee.

Our scope of review in workmen's compensation cases is limited to a determination as to whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Arnold Coal & Supply Co., Inc. v. Markle*, 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973). And where, as here, the Board has taken no additional evidence, we must rely on the facts as found by the referee if they are supported by sufficient competent evidence. *Palmer v.*

---

[5] Act of February 8, 1972, P. L.    , No. 12; Act of March 29, 1972, P. L.    , No. 61.

*Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 526, 308 A. 2d 179 (1973).

The record supports by competent evidence that claimant's disability was caused by her physical strain during the 5 months in which she was an undercover agent and by her exertion during the mass narcotic raid. This evidence meets the unusual strain doctrine test enunciated in *Hamilton v. Procon, supra.* Further, the record would support by competent evidence the alternative theory of causation, that claimant's over-exertion aggravated her preexisting condition, testified by Dr. Bullock as being an emotional instability reaction. *See Kracoski v. Bernice White Ash Coal Co.,* 183 Pa. Superior Ct. 155, 130 A. 2d 190 (1957).

We conclude that the application of the holding in *Universal Cyclops Steel Corporation v. Krawczynski, supra,*[6] required the Board to accept the factual determinations of the referee. The referee found as a fact that claimant "was engaged in the course of her duties as a policewoman in the employ of the defendant [City] October 19, 1955, when she was subject to a combination of unusual exertion, stress and strain causing over-exertion and physical breakdown which ultimately resulted in a marked psychoneurotic reaction." Thus, it was an error of law for the Board to conclude that claimant "did not sustain any unusual strain" and that claimant's disability was not caused by "overexertion."

Therefore, in an effort to conclude this protracted litigation, we enter the following

### ORDER

AND Now, this 3rd day of April, 1974, the order of the Workmen's Compensation Appeal Board is re-

---

[6] Unless additional evidence is taken by the Board, the Board must accept factual determinations of the referee when those findings are supported by competent evidence.

versed. Further, it is ordered that judgment be entered in favor of the claimant, Ruby L. Mapp, and against the City of Philadelphia for compensation to be computed at the rate of $32.50 per week for the periods from September 21, 1956 to and including April 3, 1957 and from April 5, 1958 to and including August 17, 1959 and at the rate of $23 per week for the period from August 18, 1959 to and including June 5, 1960 and at the rate of $4 per week from June 6, 1960 to September 25, 1961 and thereafter at the applicable maximum partial disability rate within the terms of The Pennsylvania Workmen's Compensation Act until such time as disability changes in accordance with the terms of said Act, with interest at the rate of six percent (6%) per annum on the accrued amount, all within the terms of The Pennsylvania Workmen's Compensation Act.