William Warden, Appellant, *v.* Workmen's Compensation Appeal Board and Green Manufacturing Company, Appellees.

Argued June 5, 1974, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Stanley C. Berlin,* with him *John M. McLaughlin*
and *Knox, Graham, Pearson, McLaughlin & Sennett,
Inc.,* for appellant.

*Howard N. Plate,* with him *Plate, Doyle, Kroto and Hutzelman,* for appellees.

OPINION BY JUDGE MENCER, September 6, 1974:

On October 4, 1961, while in the course of his employment with the Green Manufacturing Company (Green), William Warden (Warden) suffered serious injuries as a result of an accident in which a packing crate of glass weighing 13,000 pounds fell from a truck, crushing the lower half of his body against the side of the vehicle.

On October 17, 1961, Warden and Green entered into a compensation agreement providing for total disability at $30.37 per week. This agreement remained in effect until the parties entered into a supplemental compensation agreement, dated June 13, 1963, providing for partial disability of 40%.[1]

On May 14, 1965, Green filed a petition for modification of the supplemental agreement, alleging that Warden was no longer 40% disabled. Warden filed an answer claiming that he had been totally disabled since the date of the accident. The petition and answer went before a referee but, after a discussion between the parties, Green withdrew its petition for modification. Warden then continued to receive compensation for partial disability until July 3, 1969, at which time he filed a petition for modification of the supplemental agreement dated June 13, 1963.

This petition came before a referee who granted the petition and awarded Warden benefits for total disability as of August 7, 1970. Green appealed this award to the Workmen's Compensation Appeal Board (Board)

---

[1] Prior to the finalization of the supplemental compensation agreement, Warden had filed a claim petition alleging total disability, and Green had filed an answer to this petition and a petition for modification of the original compensation agreement.

which reversed the determination of the referee on November 8, 1973 and dismissed Warden's petition. Warden then brought this appeal.

Our scope of review in workmen's compensation cases is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). And where, as here, the Board has taken no additional evidence and has decided a case after May 1, 1972,[2] we must rely on the facts as found by the referee if they are supported by substantial competent evidence. *Mapp v. City of Philadelphia*, 13 Pa. Commonwealth Ct. 23, 317 A. 2d 680 (1974).

The referee made the following findings of fact which control the outcome of this case:

"Eight: Medical testimony indicates that the claimant suffered disability as a result of the injury he received in the accident of October 4, 1961 and also as the result of a circulatory and vascular condition.

"Nine: Dr. E. Buist Wells, one of the physicians testifying, concluded that as of his examination of August 7, 1970, the claimant was totally disabled as a result of the accident of October 5, 1961.

"Ten: The other physicians testifying gave varying degrees of disability resulting from the said accident.

"Eleven: Relying on the inconsistencies in the medical testimony, in favor of the claimant, in regard

---

[2] The effective date of the 1972 amendments to The Pennsylvania Workmen's Compensation Act, Act of February 8, 1972, P. L. 25 and Act of March 29, 1972, P. L. 159. For an explanation of these amendments, see our case of *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

to the disability of the claimant, resulting from the said accident, the Referee finds that the claimant was totally disabled as a result of said accident, as of the date of the examination of Dr. Wells on August 7, 1970."

Our careful review of the record convinces us that the above findings of the referee are amply supported by sufficient competent evidence. The Board, therefore, was bound by these factual determinations, including the finding of total disability.[3] In setting aside the award of the referee, the Board deleted findings of fact Nos. 9, 10 and 11. This action by the Board was a clear error of law which compels us to reverse.

We also find that the referee's conclusion that Warden is entitled to compensation for total disability as of August 7, 1970 is correct as a matter of law.

The referee apparently granted Warden's petition for modification of the supplemental agreement under the second paragraph of Section 413 of The Pennsylvania Workmen's Compensation Act.[4] The applicable part of this section, in effect at the time Warden's petition was filed, reads as follows: "The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such

---

[3] The question of total disability is one of fact. *Rosenau Brothers v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 462, 311 A. 2d 160 (1973).

[4] Act of June 2, 1915, P. L. 736, 77 P.S. §772. Warden's petition could also have been granted under the first paragraph of Section 413, 77 P.S. §771, if the referee had found that Warden had been totally disabled when he signed the supplemental agreement for partial disability.

modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed . . . ." Of course, Warden, as the party seeking to modify a compensation agreement, had the burden of proving that his disability had increased under the above section. *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973).

Our reading of the record reveals that it contains evidence which supports the referee's determination that Warden satisfied his burden of proving that his disability increased from 40% to total disability.

Green argues that Warden failed to prove an increase in his disability because he only attempted to show that he had always been totally disabled since his accident. Green's contention is based on statements made by Warden in various petitions throughout the litigation and the testimony of Warden's medical expert, Dr. Wells, who stated that Warden was totally disabled as far back as 1965 and that "there was very little difference in either his [Warden's] symptom picture or the objective examination between 1965 and 1970."

Initially, we note that the referee's findings and conclusions are not as clear as they should be. Nevertheless, we find that they support a determination that Warden's disability increased from 40% to total disability.

The referee's finding that Warden became totally disabled as of August 7, 1970 necessarily includes a finding that he was not totally disabled before this date. Further, these two findings must compel a conclusion that his disability had increased as of August 7, 1970.

These two findings are also supported by evidence in the record. The testimony of Dr. Wells adequately supports the finding that Warden became totally disabled as of August 7, 1970. The fact that Dr. Wells also stated that Warden was totally disabled as far back as 1965 does not preclude this finding because it was the province of the referee, as fact finder, to accept or reject the testimony he heard. The referee apparently did not believe Dr. Wells' testimony that Warden was totally disabled in 1965.[5]

The finding that Warden's disability was less than total before August 7, 1970 and had increased to total disability as of this date is supported by the testimony given by two of Green's medical experts, Dr. Euliano and Dr. Skovron. Dr. Euliano stated that as of July 15, 1969, Warden's condition had become worse to the extent that he would not be able to return to any type of employment. Dr. Skovron testified that Warden's condition was worse in 1969 than in 1965 and that his disability in 1969 virtually constituted total disability economically.

For all of the above reasons, we find that the record supports the referee's award of compensation for total disability.

We therefore issue the following

ORDER

AND NOW, this 6th day of September, 1974, the order of the Workmen's Compensation Appeal Board is

---

[5] It is odd that Green would complain about this action by the referee since, had the referee accepted Dr. Wells' complete testimony, he could have awarded benefits for total disability from 1965 instead of 1970. Also, a finding that no increase in Warden's disability had taken place and that he had been totally disabled since the accident would have entitled Warden to compensation for total disability as of June 13, 1963, the date of the initial agreement for partial disability, under the first paragraph of Section 413, 77 P.S. §771, pertaining to review of agreements which are proved to be incorrect in any material respect.

reversed. Further, it is ordered that judgment be entered in favor of the claimant, William Warden, and against the Green Manufacturing Company and the Pennsylvania Manufacturers' Association Casualty Insurance Company for compensation to be computed at the rate of $30.37 per week, beginning August 7, 1970 and continuing thereafter until such time as disability changes, in accordance with the terms of The Pennsylvania Workmen's Compensation Act, with interest at the rate of six percent (6%) per annum on the accrued amount, all within the terms of The Pennsylvania Workmen's Compensation Act.