Mary Jane McGee, Appellant, *v.* Workmen's Compensation Appeal Board, L. F. Grammes & Sons, Inc. and Travelers Insurance Co., Insurance Carrier, Appellees.

Argued January 9, 1975, before Judges Crumlish, Jr., Rogers and Blatt, sitting as a panel of three.

*Robert H. Dickman,* with him *Goldberg & Frankel,* for appellant.

*Edward H. Feege,* with him *Hayes and Feege, P. C.,* and *James N. Diefenderfer,* for appellees.

Opinion by Judge Blatt, April 22, 1975:

This is an appeal from a  decision of the Workmen's Compensation Appeal Board (Board) which upheld a referee's suspension of a compensation agreement be-

tween Mary Jane McGee (claimant) and L. F. Grammes and Sons, Inc. (employer).

The claimant was injured on August 18, 1968 while she was employed as a spot welder of small parts. The machine which she was operating on that date crushed her right thumb and burned a hole through it. As a result of this injury, she was absent from work for approximately three months. On October 14, 1968, she signed a compensation agreement with her employer.

On July 5, 1970 the employer filed a petition for termination of the agreement on the ground of changed disability. After conducting two hearings, the referee concluded that the employer was not entitled to termination. On appeal, however, the Board remanded the case to another referee for the appointment of an impartial physician to examine the claimant and to testify as to his findings. On this remand, after another hearing at which the impartial physician testified, the second referee ordered that the agreement be suspended. The Board affirmed and this appeal followed.

The first issue to be considered involves the timeliness of the appeal taken by the claimant from the referee's decision. The record indicates that notice of the referee's order suspending the compensation agreement was mailed to the claimant on March 11, 1974. The claimant's appeal was mailed on April 1, 1974 and received by the Board on April 2, 1974.

Section 423 of The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §853 (Supp. 1974-1975), provides for an appeal period of "twenty days after notice of a referee's award or disallowance of compensation shall have been served" upon the party appealing to the Board. Section 406 of the Act, 77 P.S. §717 provides in part:

"All notices and copies to which any parties shall be entitled under the provisions of this article shall be served by mail, or in such manner as the depart-

ment shall direct. For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; . . . ."

March 11, 1974 was, therefore, the date of service. If we use, as we must, the method of computing time provided for in Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1908, we find that an appeal had to be taken by April 1, 1974. March 31, 1974 was actually the twentieth day but because it fell on a Sunday, it must be excluded from the computation. The claimant's appeal to the Board, therefore, *was* timely, for it was *mailed* on April 1, 1974. The instructions for taking an appeal, sent by the Board to the claimant and accompanying the referee's decision state: "An appeal will be considered as filed within the prescribed time if it is mailed to the Board, properly stamped and addressed, on the twentieth day after such notice (of a Referee's decision)." In *Mapp v. City of Philadelphia*, 433 Pa. 517, 252 A.2d 684 (1969) our Supreme Court recognized that an appellant complies with this requirement by mailing his appeal on the twentieth day.

We must, however, affirm the Board on the merits of the appeal. Our scope of review where, as here, the Board has taken no additional evidence, includes a determination as to whether or not constitutional rights were violated, an error of law was committed or necessary findings of fact of the referee were unsupported by substantial evidence. *David v. Bellevue Locust Garage,* 12 Pa. Commonwealth Ct. 602, 317 A.2d 341 (1974). The burden is upon the employer to prove that the employee's disability has ceased in a hearing on a petition to terminate benefits. *Anderson v. Independent Pier Co.,* 13 Pa. Commonwealth Ct. 268, 320 A.2d 925 (1974). But the party prevailing below is entitled to the most favorable inferences deducible from the evidence. *Flexer v.*

*Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 405, 317 A.2d 53 (1974). The referee, in suspending the agreement, made the following key finding:

> "9. The cause of pain experienced by the Claimant in her right thumb cannot be established with reasonable medical certainty."

The evidence indicated that the fracture itself of the thumb and the wound caused thereby had healed. The claimant's only persisting problem as observed by the expert, was some minimal difficulty in bringing the thumb and forefinger together. The expert testified that such pain would possibly be attributable to a prior 1967 arm injury which caused the claimant nerve damage. Even the claimant's own doctor could not, on direct examination, explain the claimant's present pain but, on cross-examination, when he was informed about her prior medical history, he conceded that her present difficulty could be related to problems other than the crushed thumb. The referee's finding was thus adequately supported.

We, therefore, issue the following

ORDER

Now, April 22, 1975, the order of the Workmen's Compensation Appeal Board is hereby affirmed.