**Philip SELLERS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HMT CONSTRUCTION SERVICES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 1996.

Dec. 26, 1996.

Reargument Denied Feb. 5, 1997.

Mark D. Turetsky, Norristown, for appellant.

Jill Innamorato, Philadelphia, for appellee.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Philip Sellers (Claimant) petitions for review of a decision of the Workmen's Compen-

sation Appeal Board (Board) which reversed a decision of a workers' compensation judge (WCJ) granting Claimant's claim petition. Because we conclude that the Board was without jurisdiction to review this matter, we vacate the Board's decision.

On August 5, 1992, Claimant filed a claim petition alleging that he suffered a work-related injury to his neck and back on June 7, 1990. Employer filed an answer denying liability and the case was assigned to a WCJ. Following hearings, the WCJ granted the claim petition in a decision circulated May 16, 1995.

Employer appealed to the Board, arguing that the testimony of Claimant's medical witness was equivocal. Employer's appeal was received by the Board on June 7, 1995. The envelope containing the appeal reflects a private postage meter stamp which bears no date; it was not stamped with an official postmark of the United States Postal Service.

Claimant filed a motion to quash Employer's appeal on the grounds that it was untimely filed.[1] Employer filed an answer to Claimant's motion, attaching a copy of the certificate of service of the appeal papers and an affidavit of Employer's counsel's secretary as evidence that the appeal was mailed on June 5, 1995. The Board did not rule on Claimant's motion to dismiss, but concluded that Claimant had failed to present unequivocal medical testimony and reversed.

On appeal to this Court,[2] Claimant argues that 1) the Board lacked jurisdiction to consider the appeal and 2) the testimony of Claimant's medical witness was unequivocal.

Claimant cites the following definition contained in the Special Rules of Administrative Practice and Procedure Before the Work-men's Compensation Appeal Board, at 34 Pa.Code § 111.3(a):

> Filing—Delivery in person or by mail. If filing is by mail, it is deemed complete upon depositing in the mail, postage or charges prepaid, as evidenced by the postmark.

Claimant argues that Employer's appeal cannot be considered timely because it was received beyond the filing deadline and bears no official postmark as evidence that it was mailed on or before June 5, 1995.

In unemployment compensation cases, the date of filing of an appeal to the board is "determined from the postmark appearing on the envelope in which the appeal form ... was mailed." 34 Pa.Code § 101.82(d). We have previously held that this regulation does not recognize the placing of an appeal in the mail as the initiation of the appeal, but recognizes only the postmark date. *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 661 A.2d 505 (Pa.Cmwlth.1995). Thus, where the envelope containing an unemployment compensation appeal does not have an official United States postmark, it must be deemed filed on the date when it is received by the Unemployment Compensation Board of Review. *Id. See also, E.B.S. v. Unemployment Compensation Board of Review*, 150 Pa.Cmwlth. 10, 614 A.2d 332 (1992) (holding that a private postage meter stamp is not sufficient to establish the date of filing.)

Employer maintains that decisions regarding unemployment compensation law are not controlling in the present case. Employer argues that the applicable regulation here is contained in 34 Pa.Code § 111.12 (Filing, service and proof of service) which addresses only the *manner* in which appeals are to be filed and does not address the timeliness of an appeal. Thus, according to Employer, an

---

1. Section 423 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 853, provides that an appeal may be taken within twenty days after notice of the WCJ's award or disallowance of compensation has been served upon a party. Notice is deemed to be served on the date mailed. Section 406 of the Act, 77 P.S. § 717. The last day in which Employer could file a timely appeal was June 5, 1995.

2. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Schneider, Inc. v. Workmen's Compensation Appeal Board (Dobbin)*, 664 A.2d 232 (Pa.Cmwlth.1995).

official postmark of the United States Postal Service is not required in workers' compensation cases in order to establish a timely appeal.

Employer further argues that the standard forms for filing an appeal to the Board are promulgated by the Department of Labor and Industry and indicate only that a party must mail its appeal within twenty days of the WCJ's decision and that the envelope containing the appeal be properly stamped and addressed.[3]

Finally, Employer relies on *Mapp v. City of Philadelphia*, 433 Pa. 517, 252 A.2d 684 (1969), and *McGee v. Workmen's Compensation Appeal Board*, 18 Pa.Cmwlth. 452, 336 A.2d 458 (1975), wherein the courts held that an appeal is filed within the prescribed time if it is mailed to the Board properly stamped and addressed on the twentieth day after notice of the WCJ's decision.

However, neither *Mapp* nor *McGee* addressed the questions presented by this case: where an appeal is mailed to the Board properly stamped and addressed, but is not received by the Board within the twenty days allowed, must a party present evidence of the mailing date in order for the appeal to be considered timely filed? If so, what constitutes sufficient evidence?

■ Initially, we observe that the timeliness of Employer's appeal to the Board determines whether or not the Board has jurisdiction to entertain the appeal. *Pitt v. Workmen's Compensation Appeal Board (McEachin)*, 161 Pa.Cmwlth. 60, 636 A.2d 235 (1993), *petition for allowance of appeal denied*, 538 Pa. 661, 648 A.2d 792 (1994). In addition, we recognize the well-established principle that filing deadlines should be strictly enforced. *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290 (Pa.Cmwlth.1996).

■ We conclude that an appeal to the Board which is received beyond the twenty days allowed by Section 423 of the Act cannot be considered timely in the absence of evidence that the appeal was mailed on or before the last day allowed for filing. The Board's own regulation, at 34 Pa.Code § 111.3, informs us that a postmark is the necessary evidence, and this Court has held that an official United States postmark is the most reliable evidence of the precise time of mailing. *Edwards v. Unemployment Compensation Board of Review*, 162 Pa.Cmwlth. 698, 639 A.2d 1279 (1994); *Darroch v. Unemployment Compensation Board of Review*, 156 Pa.Cmwlth. 435, 627 A.2d 1235 (1993); *E.B.S.*

■ Therefore, we hold that where the envelope containing a workers' compensation appeal does not have an official United States postmark, the appeal must be deemed filed when received by the Board. Employer's appeal was not received by the Board until June 7, 1995; thus, the appeal was not timely, and the Board was without jurisdiction to consider the issues raised therein.[4]

Accordingly, the order of the Board is vacated.

### ORDER

NOW, December 26, 1996, the order of the Workmen's Compensation Appeal Board, dated May 31, 1996, at A95–2325, is vacated.

---

3. Page two of the appeal form states as follows:
    A period of twenty (20) days after notice of a Judge's decision is allowed by Section 423 to take an appeal from the decision of the Judge to the Workmen's Compensation Appeal Board....
    An appeal will be considered as filed within the prescribed time if it is mailed to the Board, properly stamped and addressed, on the twen-

tieth day after such notice. Thus, if a decision is mailed to the parties January 1, the appeal must be mailed to the Board not later than January 21.

4. Having so decided, we do not consider the remaining issue raised by Claimant in this appeal.