Thaddeus LUDWIKOWSKI, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (DUBIN PAPER CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 9, 2006.
Decided Oct. 24, 2006.

Stanley P. Kops, Bala Cynwyd, for petitioner.

Todd K. Foster, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Thaddeus Ludwikowski (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) granting a petition to modify workers' compensation benefits filed by Dubin Paper Company (Employer). In doing so, the Board affirmed the decision of Workers' Compensation Judge Harry C. Shayhorn (WCJ Shayhorn) that Employer had proven work was generally available within

Claimant's restrictions for which Claimant was qualified. In this appeal, Claimant argues that: (1) WCJ Shayhorn's decision is a nullity; (2) WCJ Shayhorn did not issue a reasoned decision; and (3) Employer's rehabilitation counselor's testimony was incompetent as a matter of law. However, Employer claims that Claimant did not timely appeal WCJ Shayhorn's decision to the Board, and this issue is critical to our disposition.

Claimant sustained an injury on July 27, 1998 in the course and scope of his employment as a truck driver. Claimant injured both shoulders while attempting to open the rear door of a truck. Employer began paying workers' compensation benefits, including disability, in the amount of $561.00 per week pursuant to a Notice of Compensation Payable dated August 18, 1998.

On October 25, 1999, Employer filed a Petition to Modify claiming that work was generally available for which Claimant was qualified. The matter was assigned to WCJ Shayhorn, who held a supersedeas hearing on December 13, 1999, and later granted supersedeas in an interlocutory order dated January 14, 2000. The order reduced Claimant's compensation rate to $331.00 per week pending a final determination in the matter. After hearings were conducted, WCJ Shayhorn issued a final order on **July 2, 2004,** granting the Modification Petition and reducing Claimant's compensation benefits. In granting the Modification Petition, WCJ Shayhorn examined evidence produced by both Claimant and Employer, and found Employer's witnesses more credible than Claimant, and his witnesses, that Claimant was capa-

ble of performing five particular full-time jobs within certain restrictions.

On **July 22, 2004,** Claimant submitted an appeal of WCJ Shayhorn's decision via Federal Express to the Bureau of Workers' Compensation Office in Philadelphia (the Bureau), instead of the Board's address in Harrisburg, which is clearly indicated at the top of the appeal form. The Bureau date-stamped Claimant's appeal as received on **July 23, 2004.** This appeal was then forwarded to the Board for its consideration, and the Board date-stamped the appeal as received on **April 1, 2005.** Upon consideration of the appeal, the Board issued an opinion and order affirming WCJ Shayhorn's decision to grant Employer's Modification Petition. This appeal ensued.[1]

Before addressing Claimant's issues on appeal, we must first consider Employer's assertion that Claimant filed his appeal with the Board in an untimely manner and, therefore, that the appeal should be denied and dismissed. In opposition, Claimant contends that the Bureau accepted the filing on behalf of the Board as valid and timely, and forwarded it to the Board. He alleges that the Bureau marked it "received" within the appropriate time frame, and the Board ultimately heard the appeal without objection. Even if the filing was improper, Claimant contends that Employer waived this argument for failing to raise it before the Board, which prejudiced Claimant by preventing him from the opportunity to request *nunc pro tunc* relief.

---

1.  Our standard of review is limited to a determination of whether there has been a violation of constitutional rights, whether an error of law has been committed, whether the practices and procedures of a Commonwealth agency were followed, or whether all neces- sary findings of fact made by the WCJ are supported by substantial evidence. *Jeanes Hosp. v. Workers' Compensation Appeal Board (Hass)*, 582 Pa. 405, 417, 872 A.2d 159, 166 (2005).

■ Section 423(a) of the Workers' Compensation Act (Act)[2] provides that "[a]ny party in interest may, *within twenty days* after notice of a workers' compensation judge's adjudication shall have been served upon him, take an appeal *to the Board* ...." 77 P.S. § 853 (emphasis added). The term "Board" is defined by Section 107 of the Act as "The Workers' Compensation Appeal Board of this Commonwealth." 77 P.S. § 27. Ordinarily, the "circulation date" listed on the cover sheet of the WCJ decision is the commencement date of the twenty days to appeal *to the Board* because Bureau personnel are directed to postmark the WCJ decision on the same day as the circulation date. *Workmen's Compensation Appeal Board v. Budd Co.*, 29 Pa.Cmwlth. 249, 370 A.2d 757 (1977). Thus, to be timely, the claimant must mail the appeal within twenty days of the prescribed date, and failure to do so will result in depriving the Board of jurisdiction to hear the appeal. *Sellers v. Workmen's Compensation Appeal Board (HMT Const. Services)*, 687 A.2d 413 (Pa.Cmwlth.1996). Notably, this twenty-day period is jurisdictional, which issue may be raised at any time sua sponte by an appellate court. *Pittsburgh Moose Lodge No. 46 v. Workmen's Compensation Appeal Board (Grieco)*, 109 Pa.Cmwlth. 53, 530 A.2d 982, 985 (1987). Therefore, the issue of timeliness is not waivable.

The Special Rules of Practice and Procedure before the Appeal Board govern the precise manner in which appeals are taken from a WCJ decision to the Board. Section 111.11 of the Board's rules mirrors the language in the Act by specifically stating that "[a]n appeal ... shall be filed *with the Board* ..." 34 Pa.Code § 111.11(a). The rules also define the "Board" as "the Workers' Compensation Appeal Board," and the "Bureau" as "The Bureau of Workers' Compensation of the Department." 34 Pa.Code § 111.3. Those rules provide that an appeal by an aggrieved party "must" be mailed directly to the Board, "as opposed to the WCJ or Bureau Petitions Section", Torrey & Greenberg, Pennsylvania Workers' Compensation: Law and Practice § 12:153 (2002), within twenty days on a form provided by the Board. 34 Pa.Code § 111.11(a); *see also Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa.Cmwlth. 533, 308 A.2d 205 (1973) (holding that claimant's letter to the referee asking for "reconsideration or an appeal" could not be considered a timely appeal because appeals must be taken to the Board). This form, which Claimant was provided and utilized in filing his appeal, clearly contains the Board's address at the top-left corner of the form and instructs appellants to mail the appeal "to the Board" within the twenty-day period. In addition, we have held that "where the envelope containing a workers' compensation appeal does not have an official United States postmark, the appeal must be deemed filed when *received* by the Board." *Sellers*, 687 A.2d at 415. (emphasis added).

In the case *sub judice*, Claimant did not file a timely appeal and did not properly mail the appeal *to the Board*. The record reflects that WCJ Shayhorn's decision was dated July 2, 2004, and that Claimant sent his appeal documents to the Bureau in Philadelphia *via Federal Express* on July 22, 2004. The Bureau did not mark the appeal "received" until July 23, 2004, which is after the twenty-day deadline. Therefore, Claimant's appeal was not timely filed. In addition, Claimant did not properly mail and file his appeal *with the Board*. 77 P.S. § 853; 34 Pa.Code

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 853.

§ 111.11(a). Claimant's appeal form clearly stated that the appeal was to be mailed to the Board and listed the Board's mailing address on the top of the form for mailing purposes. Because Claimant improperly mailed his appeal to the Bureau, instead of the Board, the Board did not receive Claimant's appeal until April 1, 2005, making his appeal nearly nine months late.

Therefore, Claimant's appeal was untimely filed and improperly sent to the Bureau under the Act and the Board's rules.

Accordingly, because the appeal to the Board was untimely filed with the Board, we must vacate the Board's order and remand the matter to the Board with instructions to quash Claimant's appeal from the order of the WCJ.[3]

3. Even had Claimant timely filed his appeal with the Board, Claimant would not prevail on the issues presented.

First, Claimant's assertion that the WCJ's decision is a nullity because it is alleged that the WCJ was retired at the time the decision was issued is not based on evidence of record. There is no evidence before this Court that the WCJ was, in fact, retired at the time of the decision.

Second, Claimant's contention that the WCJ failed to issue a reasoned decision under the requirements set forth in Section 422 of the Act, 77 P.S. § 834.3, is without merit. In *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 574 Pa. 61, 828 A.2d 1043 (2003), our Supreme Court first held that "a decision is 'reasoned' for purposes of Section 422(a) if it allows for adequate review by the [Board] without further elucidation and if it allows for adequate review by the appellate courts under applicable review standards." *Id.* at 76, 828 A.2d at 1052. In regards to evidence/testimony presented at a hearing, the Supreme Court noted that a WCJ's decision does not need to "explain inherently *subjective* credibility decisions according to some formulaic rubric or [be] detailed to the 'nth degree.'" *Id.* at 77, 828 A.2d at 1053 (emphasis added). However, with regard to the *deposition* testimony of medical experts, where a WCJ does not make personal observations relating to credibility, the Court held that a WCJ must articulate an objective basis for his or her credibility determination by identifying and evaluating certain relevant factors that affect credibility. *Id.* at 77–78, 828 A.2d at 1053.

Here, we conclude that, pursuant to *Daniels*, the WCJ issued a reasoned decision by rejecting the *live* testimony of Claimant based on his observation of Claimant's demeanor. 574 Pa. at 77, 828 A.2d at 1052–53. Likewise, the WCJ's decision was reasoned in accepting the *deposition testimony* of Employer's doctor over that of Claimant's doctor based on the objective factor of Employer's doctor's qualifications, of which the WCJ took special note in his decision. *Id.* at 78, 828 A.2d at 1053; (FOF ¶ 10.)

Third, Claimant argues that Employer's vocational expert, Mr. Smychynsky, was *incompetent*. However, a review of the record shows the only issue raised by Claimant on appeal to the Board with regard to Mr. Smychynsky was whether he was *credible*. The issue of competency was not raised in Claimant's Petition for Review before this Court pursuant to Pa. R.A.P. 1513(d). Because a question of credibility and a question of competency are separate issues with different standards, *Cramer v. Workmen's Compensation Appeal Board (Uni–Marts)*, 156 Pa. Cmwlth. 266, 627 A.2d 231, 233 (1993), we cannot conclude that objecting to the credibility of a witness in the statement of objections includes, as a subsidiary question, the issue of the competency of a witness. Pa. R.A.P. 1513(d). Moreover, Mr. Smychynsky's testimony was competent as he based his testimony on the credible testimony of Employer's medical expert.

Finally, we note that, in his Petition for Review, Claimant argued that the Board erred in discounting a previous ruling made by the Social Security Administration that Claimant was totally disabled based on the same record that was before WCJ Shayhorn. However, Claimant failed to raise this issue in his "Statement of Questions Involved," pursuant to Pa. R.A.P. 2116, and in the "Argument" section of his brief, pursuant to Pa. R.A.P. 2119. Therefore, this issue is waived. Even if the issue had been preserved, we would conclude that the Board was correct because the standards practiced in workers' compensation law vary greatly from those in the social security realm and, thus, findings made in a Social Security Administration proceeding would not be binding on a WCJ. *See Bailey v. Workmen's Compensation Appeal*

### ORDER

NOW, October 24, 2006, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby vacated and this matter is remanded to the Board with instructions to quash the appeal by Thaddeus Ludwikowski from the order of the Workers' Compensation Judge as untimely.

Jurisdiction Relinquished.

*Board,* 60 Pa.Cmwlth. 338, 431 A.2d 1114, 1116 (1981).