IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Egan Payne, Sr., : 
            Petitioner : 
             : 
             : 
          v. : 
             : 
Americold Logistics LLC : 
(Workers' Compensation Appeal : 
Board), : No. 1086 C.D. 2021
            Respondent : Submitted: May 6, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION BY
JUDGE COVEY                              FILED:  June 29, 2022

        Egan Payne, Sr. (Claimant) petitions this Court, pro se, for review of the Workers' Compensation (WC) Appeal Board's (Board) August 24, 2021 order dismissing his appeal from the WC Judge's (WCJ) decision that granted in part Claimant's Petition for WC Benefits (Claim Petition) for a closed period, and granted Americold Logistics LLC's (Employer) Petition to Terminate WC Benefits (Termination Petition). The sole issue before this Court is whether the Board properly dismissed Claimant's appeal as untimely. After review, this Court affirms.

        On January 19, 2018, Claimant sustained a work injury. On February 7, 2018, Employer issued a Medical-Only Notice of Temporary Compensation Payable (NTCP) accepting the January 19, 2018 work injury as a lumbar strain. The WCJ determined that the Medical-Only NTCP converted to a Medical-Only Notice of Compensation Payable (NCP) by operation of law. On May 8, 2019, Claimant filed the Claim Petition alleging that, on January 19, 2018, he sustained a low back

injury while lifting a heavy box which rendered him partially disabled from January 19, 2018 to November 29, 2018, and totally disabled as of May 1, 2019, and ongoing. On November 15, 2019, Employer filed the Termination Petition alleging Claimant had fully recovered from the work injury as of October 17, 2019.

The WCJ held hearings on June 24 and September 24, 2019, and January 14 and April 14, 2020. On August 24, 2020, the WCJ rendered her decision granting Claimant's Claim Petition for partial wage loss benefits from January 19, 2018 through February 12, 2018, and suspending them commencing February 13, 2018. The WCJ further granted Employer's Termination Petition as of October 17, 2019. Claimant appealed to the Board. On November 4, 2020, Employer filed a Motion to Quash Claimant's Appeal with the Board.[1] On August 24, 2021, the Board dismissed Claimant's appeal as "not timely received by the Board[.]" Board Aug. 24, 2021 Order. Claimant appealed to this Court.[2]

Section 423(a) of the WC Act (Act)[3] provides, in relevant part: "Any party in interest may, within [20] days after notice of a [WCJ's] adjudication shall have been served upon him, take an appeal **to the [B]oard** . . . ." 77 P.S. § 853 (emphasis added). Section 111.11(a) of the Special Rules of Administrative Practice and Procedure Before the Board (Board's Special Rules) mandates that "[a]n appeal . . . shall be **filed with the Board** . . . ." 34 Pa. Code § 111.11(a) (emphasis added).

---

[1] Claimant did not address his untimely appeal before the Board, only the merits thereof.

[2] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169, 1172 n.3 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021).

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 853.

Section 111.3(a) of the Board's Special Rules further specifies, in relevant part:

Filing is deemed complete upon one of the following:

. . . .

(iii) If by mail, upon deposit in the United States mail, **properly addressed**, postage or charges prepaid, as evidenced by one of the following:

(A) United States Postal Service [(USPS)] postmark.

(B) [USPS] Certificate of Mailing (USPS Form 3817 or other similar [USPS] form from which the date of deposit can be verified), enclosed with the filing or submitted separately to the Department [of Labor and Industry].

34 Pa. Code § 111.3(a) (emphasis added).

Moreover, the appeal form expressly states: "An appeal will be considered filed within the 20-day period if it is **mailed to the Board** (**properly** stamped and **addressed**) or is entered into the [WC] Automation and Integration System (WCAIS) no later than the twentieth day after notice of a [WCJ's] decision." Certified Record (C.R.) at 48 (emphasis added).[4] The Board's Harrisburg address is clearly stated at the bottom of the appeal form. *See* C.R. at 49.

This Court has explained:

[The Board's Special R]ules provide that an appeal by an aggrieved party "must" be mailed directly to the Board, "**as opposed to the WCJ** or Bureau Petitions Section", Torrey & Greenberg, Pennsylvania Workers' Compensation: Law and Practice § 12:153 (2002), within [20] days on a form provided by the Board. 34 Pa.[ ]Code § 111.11(a); *see also Riley Stoker Corp. v. Workmen's Comp[.] Appeal [Bd.]*, . . . 308 A.2d 205 ([Pa. Cmwlth.] 1973) (holding that claimant's letter to the [WCJ] asking for "reconsideration or an appeal" could not be considered

---

[4] Because the pages are not numbered in the Certified Record, the page numbers referenced in this Opinion reflect electronic pagination.

3

a timely appeal because appeals must be taken to the Board).

*Ludwikowski v. Workers' Comp. Appeal Bd. (Dubin Paper Co.)*, 910 A.2d 99, 101 (Pa. Cmwlth. 2006) (emphasis added).

Here, the WCJ issued her decision on August 24, 2020. Claimant had until September 14, 2020, to file his appeal **with the Board in Harrisburg**. *See* 34 Pa. Code § 111.11(a). On September 12, 2020,[5] Claimant submitted his appeal via the USPS **to the WCJ at the Philadelphia Field Office**. *See* C.R. at 62. The envelope was postmarked September 14, 2020. *See* C.R. at 62. The appeal was stamped as received at the Philadelphia Field Office on September 17, 2020. The Philadelphia Field Office forwarded the appeal to the Board for its consideration, and the Board date-stamped the appeal as received on October 19, 2020.

"Because Claimant improperly mailed his appeal to the [WCJ], instead of the Board, the Board did not receive Claimant's appeal until [October 19, 2020], making his appeal [over one month] late." *Ludwikowski*, 910 A.2d at 102. Accordingly, the Board properly dismissed Claimant's appeal as untimely.[6]

---

[5] *See* C.R. at 48-49 (appeal and certificate of service dated September 12, 2020).

[6] Notwithstanding, had Claimant timely filed his appeal with the Board, Claimant would not prevail on the issues presented. Claimant argues that the WCJ mischaracterized his testimony and his expert Scott J. Pello, M.D.'s (Dr. Pello) testimony. However, as the Board explained:

> [T]he WCJ chose to reject Claimant's and Dr. Pello's testimony as to the occurrence of a work-related neck injury and rendering credibility determinations is the quintessential function of the fact finder. *Kasper v.* [*Workers' Comp. Appeal Bd.*] *(Perloff Bros., Inc.)*, 769 A.2d 1243 (Pa. Cmwlth. 2001). We further note that a medical opinion purporting to establish the occurrence of a work injury based on a claimant's testimony that was rejected would be of no value. *See Hawkins v.* [*Workers' Comp. Appeal Bd.*] *(Med. Coll. of* [*Pa.*]*)*, 587 A.2d 387 (Pa. Cmwlth. 1991) (noting that a medical opinion which is contrary to established facts is deemed valueless). With his contentions, Claimant[] [i]s essentially asking us to reweigh the evidence, which we cannot do.

Board Op. at 6-7. This Court discerns no error in the Board's reasoning.

4

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Egan Payne, Sr., : 
        Petitioner : 
         : 
        v. : 
         : 
Americold Logistics LLC : 
(Workers' Compensation Appeal : 
Board), :   No. 1086 C.D. 2021
        Respondent : 

## O R D E R

AND NOW, this 29th day of June, 2022, the Workers' Compensation Appeal Board's August 24, 2021 order is affirmed.

_____
ANNE E. COVEY, Judge