713 A.2d 87

Philip SELLERS, Appellee,

v.

WORKERS' COMPENSATION APPEAL BOARD (HMT
CONSTRUCTION SERVICES, INC.), Appellant.

Supreme Court of Pennsylvania.

Submitted Feb. 4, 1998.

Decided June 18, 1998.

Bernadine J. Munley, Media, Kimberly L. MacDonald, Philadelphia, for HMT Const.

Mark D. Turetsky, Norristown, for Philip Sellers.

David S. Hawkins, Sudbury, Ontario, CN, for W.C.A.B.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NIGRO, Justice.

The issue in this workers' compensation action is what constitutes sufficient evidence to determine whether an appeal is timely filed with the Workers' Compensation Appeal Board. The Commonwealth Court held that the required evidence is a United States postmark. We affirm.

On August 5, 1992, Appellee filed a claim petition alleging that he suffered a work-related injury to his neck and back on June 7, 1990. The Workers' Compensation Judge granted the claim petition in a decision dated May 16, 1995. Employer, HMT Construction Services, appealed to the Workers' Compensation Appeal Board ("Board") arguing that the testimony of Appellee's medical witness was equivocal. Employer's appeal was received by the Board on June 7, 1995. However, the envelope containing the appeal reflects a private postage meter stamp which bears no date as it was not time-stamped by the official postmark of the United States Postal Service.

Appellee filed a motion to quash Employer's appeal as untimely.[1] Employer responded by attaching a copy of the

---

1. Section 423 of the Workers' Compensation Act ("the Act"), 77 P.S. § 853, provides that an appeal may be taken within twenty days after notice of the W.C. Judge's award or disallowance of compensation has been served upon a party. Notice is deemed to be served on the date mailed. Section 406 of the Act, 77 P.S. § 717. Thus, in this action, the

Certificate of Service of the appeal papers dated June 5, 1995 and an Affidavit of Employer's counsel's secretary as evidence that the appeal was mailed on June 5, 1995. The Board did not rule on Appellee's motion to quash, rather it addressed the merits of the case, and concluded that Appellee had failed to present unequivocal medical testimony and reversed.[2] On appeal, the Commonwealth Court reversed the Board's order finding that since Employer's appeal envelope did not contain an official postmark of the United States, the appeal was deemed filed on June 7, 1995, the date received and was thus untimely. This Court granted Employer's Petition for Allowance of Appeal.

■ The scope of appellate review in workers' compensation proceedings is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or any findings of fact are supported by substantial evidence. *Hershey Chocolate Co. v. Workmens' Compensation Appeal Bd. (Tania L. Lasher)*, 546 Pa. 27, 682 A.2d 1257 (1996).

In the case *sub judice*, the Commonwealth Court cited *E.B.S. v. Unemployment Compensation Bd. of Review*, 150 Pa.Commw. 10, 614 A.2d 332 (1992) which held that an appeal to the Unemployment Compensation Board of Review is deemed filed on the date received when the envelope bears no official United States postmark. Appellant avers the Commonwealth Court's reliance on procedures in unemployment compensation cases are not controlling since the Pennsylvania Code Regulations governing "date of filing" in unemployment and workers' compensation forums are significantly different. Appellant indicates that 34 Pa.Code § 101.82(d) provides that the date of initiation of an appeal delivered by mail for unemployment compensation cases shall be determined from the postmark appearing on the envelope. *See Southeastern*

last day in which the Employer could file a timely appeal was June 5, 1995.

2. The Board stated, "Because we conclude that Claimant did not present unequivocal medical testimony, we do not rule on the jurisdictional issue." Workers' Compensation Appeal Board Opinion, p. 2.

*Pa. Transp. Auth.v. Unemployment Compensation Bd. of Review*, 661 A.2d 505 (Pa.Cmwlth.1995). By contrast, Section 403 of the Workers' Compensation Act, 77 P.S. § 714, directs that all papers requiring action by the Board be mailed or delivered to the Board without the concomitant requirement that the envelope be postmarked to evidence the date of mailing. Thus, Appellant urges that an appeal is timely filed when the appeal papers are properly addressed, stamped, and mailed within the 20 day period mandated by Section 423 of the Workers' Compensation Act, 77 P.S. § 853 [3] and the standard appeal form promulgated by the Department of Labor and Industry.[4]

Appellant's argument is misplaced and centers on the manner in which appeals are to be filed rather than what evidences a timely appeal. Moreover, it ignores the clear language of the Board's own regulation at 34 Pa.Code § 111.3 which indicates that a postmark is required to evidence a timely appeal. 34 Pa.Code § 111.3 reads in pertinent part:

§ 111.3. Definitions.

(a) The following words and terms, when used in this chapter, have the following meanings, unless the context clearly indicates otherwise:

*Filing*–Delivery in person or by mail. If filing is by mail, it is deemed complete upon depositing in the mail, postage or charges prepaid, *as evidenced by the postmark.* (emphasis added)

*Service*–Delivery in person or by mail. If service is by mail, it is deemed complete upon depositing in the mail, postage

---

**3.** See Footnote 1.

**4.** LIBC25/26, which is the standard form for filing an appeal to the Board, states as follows:

A period of twenty (20) days after notice of a Judge's decision is allowed by Section 423 to take an appeal from the decision of the Judge's to the Workers' Compensation Appeal Board . . .

An appeal will be considered filed within the prescribed time if it is mailed to the Board, properly stamped and addressed, on the twentieth day after such notice. Thus, if a decision is mailed to the parties January 1, the appeal must be mailed to the Board not later than January 21.

or charges prepaid, *as evidenced by the postmark.* (emphasis added)

34 Pa.Code § 111.3.

■ Although the Commonwealth Court cited unemployment compensation cases, it is apparent the court utilized those decisions for purposes of comparison, and rooted its conclusion in § 111.3 of the Special Rules of Administrative Practice and Procedure before the Workers' Compensation Appeal Board. Section 1921 of the Statutory Construction Act provides:

> When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921(b). This same principle applies to Department regulations as well. See *Bush v. Pennsylvania Horse Racing Commission,* 77 Pa.Commw. 444, 466 A.2d 254 (1983). Accordingly, we find no error[5] in the Commonwealth Court's analysis.

Further, Employer maintains the Commonwealth Court exceeded its scope of review by engaging in fact-finding. Specifically, employer argues since the Board found the appeal timely filed and addressed the case on the merits, the Commonwealth Court unilaterally and impermissibly engaged in fact-finding to find an untimely appeal. Employer's argument is misplaced as timeliness of an appeal is a jurisdictional issue. If an appeal is untimely, the Board does not have jurisdiction to reach the merits. *Pittsburgh Moose Lodge # 46 v. W.C.A.B. (Grieco, Jr.),* 109 Pa.Commw. 53, 530 A.2d 982 (1987); *W.C.A.B. v. Budd Co.* 29 Pa.Commw. 249, 370 A.2d 757

---

**5.** Counsel for Employer filed a proof of service indicating an appeal was mailed on June 5, 1995. Employer asserts that since workers' compensation regulation § 111.12(c) requires filing a proof of service where unemployment cases do not, cases involving unemployment compensation procedure were erroneously relied upon by the Commonwealth Court. 34 Pa.Code § 111.12(c). They argue that the legislature intended the proof of service which indicates the date of mailing the appeal to serve as evidence of the date of filing, otherwise § 111.12(c) would be rendered moot. We find this argument unpersuasive. Rule 111.12(c) relates to providing notice and date of service to the parties and the workers' compensation judge.

(1977) (failure to bring a timely appeal from order of the Workmen's Compensation Appeal Board is a jurisdictional matter and may be raised sua sponte thereby precluding Commonwealth Court from reaching merits).

Last, Employer argues that they had no notice that the failure to have a United States postmark on their appeal envelope would subject it to the ultimate sanction of dismissal, denying them due process under the law. Given the clear language of § 111.3 of the Special Rules of Administrative Practice and Procedure before the Workers' Compensation Appeal Board, we find this argument without merit.

Accordingly, the order of the Commonwealth Court is affirmed.