**Sherri MILLS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (School District of Harrisburg), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 2011.

Decided June 15, 2011.

Publication Ordered Aug. 15, 2011.

---

James B. Mogul, Bala Cynwyd, for petitioner.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and BUTLER, Judge.

OPINION BY Judge SIMPSON.

Sherri Mills (Claimant) asks this Court to reverse and remand the order of the Workers' Compensation Appeal Board (Board) quashing her appeal from a workers' compensation judge's (WCJ) decision. The Board received Claimant's appeal five days after the filing deadline. Because Claimant offers no good cause for her untimely appeal, we affirm.

A WCJ denied Claimant's review, penalty and reinstatement petitions on November 5, 2009. Claimant mailed her appeal to the Board in an envelope bearing a private postmark showing the date November 25, 2009, the day before Thanksgiving. The Board received the envelope the following Monday, November 30, 2009. Employer filed a motion to quash Claimant's appeal as untimely under Section 423 of the Pennsylvania Workers' Compensation Act (Act) [1], 77 P.S. § 853.

In her answer to the motion to quash (answer), Claimant averred she obtained a United States Postal Service Form 3817 Certificate of Mailing (Form 3817) showing a postmark of November 25, 2009. She attached a copy of the Form 3817 to her answer.

The Board heard argument and subsequently quashed Claimant's appeal as untimely. The Board noted the postage amount on the Form 3817 differed from the postage amount on the envelope it received. Additionally, the Board reasoned, "There is nothing on the copy of the [Form 3817] to indicate that the certificate applies to the present appeal and not an-

---

1. Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended.*

other matter. Under the facts, [Employer] is entitled to a grant of its motion." Board Op. at 4. Claimant petitions for review.[2]

Before this Court Claimant argues her petition was timely filed as established by Section 111.3(a) of the Special Rules of Administrative Practice and Procedure before the Workers' Compensation Appeal Board (Special Rules), 34 Pa.Code § 111.3. We are not persuaded by Claimant's argument.

Under Section 423(a) of the Act, a party has 20 days to file an appeal with the Board. Appeals filed after this timeframe are untimely and divest the Board of jurisdiction to reach the merits of the issues raised in the appeal. *Sellers v. Workers' Comp. Appeal Bd. (HMT Constr. Servs., Inc.)*, 552 Pa. 22, 713 A.2d 87 (1998). Under Section 111.3 of the Special Rules, an appeal is considered filed as of the date of the United States Postal Service postmark on the envelope. When a party uses a private postmark, the appeal is deemed filed as of the date the Board receives the appeal. *Sellers*.

Here, the Board appropriately applied Section 423 and the Special Rules, and it observed, "[w]hen a private postmark is used to mail the appeal and no U.S. postmark is present, the appeal is filed on the date received by the Board." Board Op. at 3. There is no error in this conclusion.

Claimant also argues the Form 3817 establishes her filing was timely. We disagree.

Neither the Act nor the Special Rules authorize a party to use Form 3817. Pennsylvania Rule of Appellate Procedure 1514 requires parties to use this form, or comparable forms, in appeals from governmental bodies to our appellate courts. However, this rule and its requirements are not applicable in proceedings before the Board. Our Supreme Court suggests that, because Rule 1514 does not apply to agencies, Form 3817s are not determinative of filing dates in agency appeals. *Lin v. Unemployment Comp. Bd. of Rev.*, 558 Pa. 94, 735 A.2d 697 (1999). Nevertheless, learned commentators advert that "[i]t has become standard practice in workers' compensation litigation to use ... Form 3817 in all filings as proof of mailing." D. Torrey & A. Greenberg, *Workers' Compensation Law & Practice* (3rd ed.) § 22:79.

Rule 1514 has two critical requirements for using Form 3817s. First, the form must identify the case to which it pertains. Pa. R.A.P. 1514(a). Second, the party must include the form in the mailing, or mail it separately to the prothonotary. *Id.* The clear import of these requirements is that they enable the prothonotary to view the case docket number and the United States Postal Service postmark on the Form 3817 and to immediately determine whether a filing is timely.

Here, at the time the Board received Claimant's appeal, the only evidence as to the date of mailing was the private postmark on the envelope. Claimant did not include a copy of the form in her appeal document mailed to the Board, nor did she mail it separately to the Board. Further, Claimant did not identify on the Form 3817 the case to which it pertained. Under *Sellers*, the Board was required to consider the document filed on the date it was received. In this case, the Board received the document five days late. Giv-

---

**2.** This Court's review is limited to a determination of whether necessary findings of facts are supported by substantial evidence, whether the Board's procedures were violated, whether constitutional rights were violated or an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bey v. Workers' Comp. Appeal Bd. (Ford Elecs.)*, 801 A.2d 661 (Pa.Cmwlth.2002).

en these circumstances, we agree with the Board's decision to quash the appeal.

 Claimant further argues the Board erred in quashing her appeal because Employer withdrew its motion to quash at argument. The record lacks any reference to a withdrawal of this motion. Regardless, the timeliness of an appeal is a jurisdictional issue that may be raised *sua sponte*. *Sellers*. The 20-day appeal period is to be strictly observed. *Workmen's Compensation Appeal Bd. (Westinghouse Electric Co.) v. Gaines*, 24 Pa.Cmwlth. 307, 355 A.2d 595 (1976).[3] The time for taking an administrative appeal cannot be extended as a matter of grace or mere indulgence. *H.D. v. Dep't of Pub. Welfare*, 751 A.2d 1216 (Pa.Cmwlth.2000). Here, the appeal was filed five days late. Given these principles, the Board lacked jurisdiction to hear the case and appropriately quashed Claimant's untimely appeal.

In summary, Section 423(a) of the Act, *Sellers*, and Section 111.3(a) of the Special Rules control. Claimant's appeal was untimely and the Board did not err in quashing it. Accordingly, we are constrained to affirm.

### ORDER

AND NOW, this 15th day of June, 2011, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**

---

3. In some situations untimely appeals are allowed to proceed when circumstances preventing the timely filing are non-negligent. *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) (appeal papers placed in folder of secretary's desk who became ill and left work was non-negligent failure to file timely appeal); *Tony Grande Inc. v. Workmen's Comp. Appeal Bd. (Rodriguez)*, 455 A.2d 299 (Pa. Cmwlth.1983) (documented unpredictable and unavoidable hospitalization of employer's attorney ten days into appeal cause for delay of filing to Board). Here, however, Claimant does not allege such non-negligent circumstances and does not raise an issue of fraud or its equivalent. *Manolovich v. Workers' Comp. Appeal Bd. (Kay Jewelers, Inc.)*, 694 A.2d 405 (Pa.Cmwlth.1997) (Board had mandatory obligation to quash employer's untimely appeal and was without jurisdiction to consider merits of the appeal).