# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donte Harper,                        :
                    Petitioner        :
                                      :
        v.                            :    No. 1468 C.D. 2016
                                      :    Submitted: January 20, 2017
Workers' Compensation Appeal          :
Board (UPS),                          :
                    Respondent        :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
         HONORABLE ANNE E. COVEY, Judge
         HONORABLE JOSEPH M. COSGROVE, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  June 12, 2017**


Petitioner Donte Harper (Claimant), acting *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board), which granted United Parcel Service's (Employer) motion to quash as untimely Claimant's appeal of a workers' compensation judge's (WCJ) order, denying Claimant's claim petition for workers' compensation benefits.  For the reasons that follow, we now quash Claimant's petition for review filed with this Court.

Claimant was previously employed by Employer as a package handler. On May 14, 2014, Claimant filed a claim petition seeking workers' compensation benefits.  In his claim petition, Claimant alleged that he sustained a work-related injury on March 18, 2014, when he fell off of a ladder onto his back while handling a package.  The matter was assigned to the WCJ, and Employer filed an answer, denying the allegations in Claimant's claim petition.  Thereafter,

the WCJ conducted a hearing, at which both Claimant and Employer provided testimony in connection with the claim petition. In addition, by order dated February 20, 2015, the WCJ granted a petition to compel physical examination, filed by Employer, directing Claimant to submit to an independent medical examination (IME). Claimant failed to attend the IME scheduled pursuant to the WCJ's February 20, 2015 order. Thereafter, Employer filed a motion to dismiss the claim petition, arguing that Claimant had violated the WCJ's February 20, 2015 order by failing to attend the scheduled IME.

The WCJ held a hearing on April 21, 2015, at which Employer submitted evidence that it had properly notified Claimant of the March 19, 2015 IME and that Claimant had failed to attend that IME.[1] At the conclusion of the hearing, the WCJ issued an order, dated July 17, 2015, denying Claimant's claim petition, concluding that Claimant did not present substantial and competent evidence that he suffered from a disability related to the March 18, 2014 incident.

Claimant filed an appeal with the Board. The appeal was dated August 3, 2015, and the envelope had affixed to it a private "Pitney Bowes" postmark, dated July 30, 2015. The Board, however, did not receive Claimant's appeal until August 17, 2015. Employer filed with the Board a motion to quash,

---

[1] During the hearing, Claimant attempted to enter into evidence certain medical records, but the WCJ instructed Claimant that he would need to make copies to give to Employer as well. The WCJ further instructed Claimant that he could make copies in a room located near the hearing room. Claimant left to make copies of his proposed exhibits, but he did not return to the hearing. Counsel for Employer stated that she searched the building for Claimant, but she was unable to locate him. In Claimant's absence, the WCJ closed the record and set a briefing schedule.

arguing that Claimant's appeal was untimely. In ruling on the motion, the Board concluded that the last date on which Claimant could have filed an appeal was August 7, 2015,[2] and that, because Claimant's appeal did not bear a United States Postal Service Postmark, it was bound to deem Claimant's appeal filed on the date it was received. Accordingly, the Board held that Claimant's appeal was untimely, and, the Board quashed Claimant's appeal by order dated June 20, 2016.

Claimant attempted to petition this Court for review of the Board's order by mailing a letter, which the Court received on June 30, 2016. The Chief Clerk of this Court sent a reply letter to Claimant that same day, informing Claimant that:

> The Court has received your recent communication indicating your intention to appeal from a decision of the [Board]. The Pennsylvania Rules of Appellate Procedure (Pa. R.A.P.) require that in order to perfect your appeal you must file a petition for review with this Court. . . . *The date of June 30, 2016 will be preserved as the date of filing your appeal.* This is the date your communication indicating your intention to appeal was filed with this Court. If this date is more than 30 days from the mailing date of the decision that you are appealing, your appeal may be dismissed because it is untimely. Unless your perfected petition for review is filed and the filing fee (if any) is paid within 30 days of the date of this notice, the Court will take no further action in this matter. See Pa. R.A.P. 121, 1512, 1514; Commonwealth Court Internal Operating Procedures § 211.[3]

---

[2] By this Court's calculation, the last day to appeal was August 6, 2015—not August 7, 2015. Regardless, this discrepancy is not material to our analysis.

[3] Commonwealth Court Internal Operating Procedures § 211 provides, in pertinent part:

When the chief clerk receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not

**(Footnote continued on next page…)**

Claimant failed to file a petition for review with the Court by July 30, 2016—the deadline for perfecting his appeal. By letter dated August 10, 2016, the Chief Clerk informed Claimant that the Court would take no further action on the matter. Thereafter, on September 6, 2016, the Court received Claimant's petition for review and application for *in forma pauperis* (IFP). By order dated October 17, 2016, the Court granted Claimant's application for IFP status and directed the parties to address the appealability of the underlying order in the principal briefs on the merits.

On appeal,[4] Claimant raises the following issues for review: (1) whether the Board erred in dismissing his appeal as untimely, and (2) whether the Board erred in denying Claimant's claim petition. Employer, in addition to addressing those issues, counters that Claimant's petition for review filed with this Court is untimely and should be quashed. Claimant does not address whether his appeal is properly before this Court.

---

**(continued…)**

conform to the rules for an appellate petition for review, the chief clerk shall time-stamp the written communication with the date of receipt.

The chief clerk shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the chief clerk's letter. If the party fails to file a fully conforming petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

First, we will address the timeliness of Claimant's appeal to this Court. As discussed above, the Board issued its decision on June 20, 2016. Under Pennsylvania Rule of Appellate Procedure 1512(a)(1), Claimant had 30 days from the entry of that order, or until July 20, 2016, to file his petition for review with this Court. Employer asserts that because Claimant's petition for review was not filed until September 6, 2016, it was untimely and should be quashed. We agree.

Where a claimant submits, prior to the applicable filing deadline, a letter evidencing an intent to file a petition for review of an agency order, we have jurisdiction to consider the petition if the claimant perfects his or her petition for review within 30 days of the date of the Chief Clerk's letter. *Larocca v. Workmen's Comp. Appeal Bd. (Pittsburgh Press)*, 592 A.2d 757, 761 (Pa. Cmwlth.), *appeal denied*, 604 A.2d 251 (Pa. 1991). We may not, however, extend this 30-day window for a claimant to perfect a petition for review. "[O]ur jurisdiction is conditional on the party filing a perfected petition for review within thirty days of the chief clerk's letter. Once this thirty-day time period expires, the date of the receipt of the pro se communication is no longer preserved and our jurisdiction is extinguished." *DeWitt v. Unemployment Comp. Bd. of Review*, 6 A.3d 586, 588 (Pa. Cmwlth. 2010). September 6, 2016, the date Claimant filed his petition for review, is over 60 days after June 30, 2016, the date noted in the Chief Clerk's letter. Thus, because Claimant failed to perfect his petition for review within 30 days of the date of the letter sent by the Chief Clerk of this Court, we must quash Claimant's petition for review as untimely filed.

5

Accordingly, we quash Claimant's petition for review.[5]

_____

P. KEVIN BROBSON, Judge

Judge Cosgrove concurs in the result only.

_____

[5] Even if Claimant had timely perfected his petition for review with this Court, it is apparent from the record that his appeal to the Board was also untimely. Pursuant to Section 423(a) of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 853, a party to a workers' compensation adjudication has 20 days to file an appeal with the Board. Appeals filed after this timeframe are untimely and divest the Board of jurisdiction to reach the merits of the issues raised in the appeal. *Sellers v. Workers' Comp. Appeal Bd. (HMT Constr. Servs., Inc.)*, 713 A.2d 87, 88 (Pa. 1998). An appeal is considered filed as of the date of the United States Postal Service postmark on the envelope. *Id.* When a party uses a private postmark, the appeal is deemed filed as of the date the Board receives the appeal. *Id.* The failure to file a timely appeal divests the Board of jurisdiction to reach the merits of the issues raised in the appeal. *Mills v. Workers' Comp. Appeal Bd. (Sch. Dist. of Harrisburg)*, 24 A.3d 1094, 1096 (Pa. Cmwlth.), *appeal denied*, 34 A.3d 84 (Pa. 2011).

The WCJ denied Claimant's claim petition by decision and order dated July 17, 2015. Thus, pursuant to Section 423(a) of the Act, Claimant's appeal to the Board should have been filed by August 6, 2015. Claimant's appeal form was dated August 3, 2016. The envelope received by the Board, however, was stamped with a private postmark. Because Claimant used a private postmark, the date the Board received the appeal is the relevant date for determining whether Claimant's appeal was timely filed. Claimant's appeal form was not received by the Board until August 17, 2015, which is beyond the deadline for Claimant to timely appeal the WCJ's order denying his claim petition. Thus, were we to consider this issue, we would conclude that the Board did not err in dismissing Claimant's appeal as untimely.

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Donte Harper,                                          :
                    Petitioner        :
                                    :
             v.                           :   No. 1468 C.D. 2016
                                      :
Workers' Compensation Appeal          :
Board (UPS),                                         :
                    Respondent      :

# **O R D E R**

AND NOW, this 12th day of June, 2017, petitioner Donte Harper's petition for review of the order of the Workers' Compensation Appeal Board, dated June 20, 2016, is hereby QUASHED as untimely.

---

P. KEVIN BROBSON, Judge