# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vanessa B. Soto-Melendez,      :
:
         Petitioner      :
:
         v.      :    No. 167 C.D. 2018
:    Submitted: May 25, 2018
Workers' Compensation Appeal      :
Board (High Concrete Group LLC),      :
:
         Respondent      :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                **FILED: August 21, 2018**


Vanessa B. Soto-Melendez (Claimant), *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board) that quashed her appeal of a decision and order of a Workers' Compensation Judge (WCJ) granting her claim petition for only the closed period of December 7, 2015 through April 25, 2016. We affirm.

In 2015, Claimant worked for High Concrete Group LLC (Employer), a manufacturer of pre-cast concrete, in its stripping department removing molds from concrete pieces after they were cast. (WCJ Decision Findings of Fact (F.F.) ¶¶2, 3a, 9a, 24.) On December 1, 2015, Claimant felt pain in her back and, after her work shift, went to the emergency room where lumbar spine x-rays were taken that showed no abnormality other than mild to moderate degenerative disc changes

similar to a previous CT scan. (*Id.* F.F. ¶¶3b, 9a, 19, 24; Certified Record Item (R. Item) 11, 3/3/16 Hearing Transcript (H.T.) at 11-12; R. Item 25, Employer Ex. 5 Emergency Room Records.) Claimant returned to work the next two days and told Employer after her shift on December 3, 2015 that she had back pain and did not know how it happened, but thought that it must be from her work because she did not hurt her back anywhere else. (WCJ Decision F.F. ¶¶3b, 9a, 24; R. Item 26, Employer Ex. 6 Eberly Dep. at 7-10, 17-19, 22-23 & Exs. 1 & 6; R. Item 11, 3/3/16 H.T. at 11-14.) Claimant did not return to work on the following Monday, December 7, 2015, and contended that she was unable to work because of her back pain. (WCJ Decision F.F. ¶¶3b, 24, 26; R. Item 11, 3/3/16 H.T. at 14-16.) On December 14, 2015, Employer issued a Notice of Compensation Denial denying workers' compensation benefits on the ground that Claimant's back pain was not a work injury. (R. Item 33, WCJ Ex. 1.) Following the denial, Claimant was given forms to apply for short-term disability benefits and subsequently received short-term disability benefits funded by Employer for an 11-week period. (WCJ Decision F.F. ¶¶6, 12, 23, 24; R. Item 32, Employer Ex. 11.)

On December 30, 2015, Claimant filed a claim petition asserting that she suffered a work-related lower back injury on December 1, 2015 and seeking total disability benefits under the Workers' Compensation Act (the Act).[1] Employer timely answered the claim petition, denying that Claimant had suffered any work-related injury. On April 26, 2016, Dr. Robert Mauthe, a physician who is board-certified in physical medicine and rehabilitation, examined Claimant on Employer's behalf and concluded that Claimant had no work-related back injury at the time of his examination and was able to work without restrictions. (WCJ Decision F.F. ¶¶20, 20c, 25; R. Item 27, Employer Ex. 7 Mauthe Dep. at 5, 7-8, 16-19 & Ex. 2.)

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

2

Employer, on May 10, 2016, requested that Claimant report for work on May 23, 2016 at a cage fabrication position, which involved less bending and twisting than Claimant's position in the stripping department. (WCJ Decision F.F. ¶¶11b, 24; R. Item 23, Employer Ex. 3 Lopez Dep. at 7-9 & Ex. 2.) Claimant did not return to work in response to this letter. (WCJ Decision F.F. ¶¶5a, 13b, 24; R. Item 13, 11/1/16 H.T. at 13-14, 68-69.) On July 12, 2016, Employer requested that Claimant return to work on July 25, 2016 at a cage fabrication position modified to accommodate medical restrictions imposed by Claimant's physician, Dr. Sofia Lam. (WCJ Decision F.F. ¶¶5b, 13c, 24; R. Item 13, 11/1/16 H.T. at 14-15, 69; R. Item 29, Employer Ex. 9.) Claimant reported to work at that position on July 25, 2016, but left after working less than an hour, claiming that she was in too much pain. (WCJ Decision F.F. ¶¶5b, 13c, 15a-15b, 17, 24; R. Item 13, 11/1/16 H.T. at 15-16, 40-46, 59-61, 69-71, 73-74.)

The WCJ held evidentiary hearings at which Claimant, Employer's Human Resources (HR) specialist, and two employees who supervised Claimant's work on July 25, 2016 testified, and also received testimony by trial deposition of Dr. Lam, Dr. Mauthe, Employer's HR specialist, and an Employer supervisor to whom Claimant reported her back pain in December 2015. Claimant testified that she felt a pain in her back on December 1, 2015 when she was using a rod at work to remove a mold from a concrete piece. (R. Item 11, 3/3/16 H.T. at 11.) Claimant also testified, at the final WCJ hearing in November 2016, that she continues to have back pain and is unable to work because of the pain. (R. Item 13, 11/1/16 H.T. at 71-76, 81-82.) Dr. Lam, a physician who is board-certified in anesthesiology and interventional pain management, opined that Claimant suffered a lumbar strain and sprain, disc protrusion at L5/S1 with radicular symptomatology on the right, and aggravation of preexisting degenerative disc disease caused by a work incident on

3

December 1, 2015 and that she could return to work only with restrictions on lifting, bending, twisting, kneeling, stooping, pulling, pushing, and standing. (R. Item 17, Claimant Ex. 3 Lam Dep. at 6, 16-17, 19-20.)

Employer's HR specialist testified that Claimant told her that the back pain occurred when she was getting into her car. (R. Item 23, Employer Ex. 3 Lopez Dep. at 5-7 & Ex. 1.) The supervisor to whom Claimant reported her back pain in December 2015 testified that Claimant told him that she did not know how she hurt her back. (R. Item 26, Employer Ex. 6 Eberly Dep. at 7-8, 22-23 & Ex. 1.) Dr. Mauthe opined, based on his April 26, 2016 examination of Claimant and his review of her medical records, that Claimant had no back injury caused by her work and that she was able to work without restrictions. (R. Item 27, Employer Ex. 7 Mauthe Dep. at 7-13, 16-19.) Dr. Mauthe testified that although it was possible that Claimant had suffered a lumber strain and sprain in December 2015, she had fully recovered from any such injury by the time of his examination. (*Id.* at 16-18, 25-26.)

On March 29, 2017, the WCJ issued a decision holding that Claimant had not suffered any traumatic work injury on December 1, 2015, that Claimant sustained a lumbar strain and sprain on that date caused by the repetitive physical activities in her work, and that Claimant had fully recovered from the lumbar strain and sprain by April 26, 2016. (WCJ Decision F.F. ¶¶24-26.) The WCJ found the testimony of Employer's lay witnesses credible and specifically rejected as not credible the testimony of Claimant concerning her continuing pain and inability to work, the cause of her pain on December 1, 2015, and her medical history. (*Id.* F.F. ¶24.) The WCJ also found Dr. Mauthe credible and rejected the testimony of Dr. Lam as less credible than the testimony of Dr. Mauthe to the extent that their testimony conflicted. (*Id.* F.F. ¶25.) Based on these factual and credibility findings, the WCJ concluded that Claimant had met her burden of proving a work-related

4

disability only with respect to the period from December 7, 2015 through April 25, 2016 and granted her claim petition only for that closed period. (*Id.* F.F. ¶26, Conclusion of Law ¶2 & Order.)

Claimant did not appeal the WCJ's decision to the Board until April 20, 2017. On February 6, 2018, the Board quashed Claimant's appeal as untimely. This appeal followed.[2] In this Court, Claimant argues that the WCJ's denial of her claim for compensation benefits after April 25, 2016 must be reversed because her testimony and Dr. Lam's testimony supported her claim of continuing injury and disability and because Employer did not prove that she had a prior back condition. Claimant's arguments fail for two reasons.

First, as the Board correctly held, Claimant is barred from seeking reversal of the WCJ's decision by her failure to timely appeal that decision to the Board. Section 423(a) of the Act requires that an appeal of a WCJ decision to the Board must be filed within 20 days. 77 P.S. § 853; *Sellers v. Workers' Compensation Appeal Board (HMT Construction Services, Inc.)*, 713 A.2d 87, 88 n.1 (Pa. 1998); *Mills v. Workers' Compensation Appeal Board (School District of Harrisburg)*, 24 A.3d 1094, 1096 (Pa. Cmwlth. 2011). This 20-day period runs from the date that the WCJ decision was circulated. *Ludwikowski v. Workers' Compensation Appeal Board (Dubin Paper Co.)*, 910 A.2d 99, 101 (Pa. Cmwlth. 2006); *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.)*, 694 A.2d 405, 409 (Pa. Cmwlth. 1997). Because the WCJ decision was circulated on March 29, 2017, the 20-day period within which Claimant was required to file her appeal expired on Tuesday, April 18, 2017. Claimant signed and mailed her appeal to the Board on

---

[2] Our review is limited to determining whether an error of law was committed, the WCJ's necessary findings of fact are supported by substantial evidence or constitutional rights were violated. *Sellers v. Workers' Compensation Appeal Board (HMT Construction Services, Inc.)*, 713 A.2d 87, 88 (Pa. 1998).

5

April 20, 2017, two days beyond the appeal deadline. (R. Item 7, Claimant's Appeal from WCJ Findings of Fact and Conclusions of Law.) Indeed, Claimant does not dispute that her appeal was untimely.

The Board has no jurisdiction to rule on the merits of the issues raised in an untimely appeal. *Sellers*, 713 A.2d at 89; *Mills*, 24 A.3d at 1096; *Ludwikowski*, 910 A.2d at 101; *Manolovich*, 694 A.2d at 409. Where a party's appeal to the Board is more than 20 days after the circulation date of the WCJ decision, the Board must quash the appeal and the WCJ decision cannot be reversed by this Court on further appeal. *Mills*, 24 A.3d at 1096-97; *Ludwikowski*, 910 A.2d at 100-02; *Pittsburgh Moose Lodge No. 46 v. Workmen's Compensation Appeal Board (Grieco)*, 530 A.2d 982, 985 (Pa. Cmwlth. 1987); *Fritz v. Workmen's Compensation Appeal Board (Kim Manufacturing Co.)*, 527 A.2d 636, 637-38 (Pa. Cmwlth. 1987). The Board's order quashing Claimant's appeal is therefore correct and must be affirmed. *Mills*, 24 A.3d at 1097.

Second, even if Claimant's appeal to the Board had been timely, her appeal would fail on the merits. The burden in a claim petition is on the claimant to prove not only that she suffered a work-related injury, but the extent and duration of her injury and disability. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993); *Pennsylvania Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board (Bonner)*, 85 A.3d 1109, 1114-15 (Pa. Cmwlth. 2014); *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994). "A claimant has the burden of proving a continuing disability throughout the pendency of the claim petition." *American Contracting Enterprises, Inc. v. Workers' Compensation Appeal Board (Hurley)*, 789 A.2d 391, 397 (Pa. Cmwlth. 2001). Claimant therefore had the burden to prove that her injury persisted and continued to affect her ability

6

to work after April 25, 2016, and it was not Employer's burden to prove or disprove her medical condition. *Inglis House*, 634 A.2d at 595; *Bonner*, 85 A.3d at 1114-15; *Innovative Spaces*, 646 A.2d at 54.

The only evidence that Claimant's injury or inability to work continued beyond April 25, 2016 consisted of Claimant's testimony and the testimony of Dr. Lam. WCJ found that both Claimant's testimony on this issue and Dr. Lam's testimony were not credible. (WCJ Decision F.F. ¶¶24-25.) Determination of the credibility of witnesses is the prerogative of the WCJ, not the role of the Board or this Court. *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 59-60, 70 (Pa. Cmwlth. 2014); *Gann v. Workers' Compensation Appeal Board (MBS Management/Wellington East Development)*, 792 A.2d 701, 704 (Pa. Cmwlth. 2002). The WCJ has exclusive province over questions of credibility and evidentiary weight, and may accept or reject the testimony of any witnesses, including medical experts, in whole or in part. *Furnari*, 90 A.3d at 59, 70; *Bonner*, 85 A.3d at 1115; *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010).

> [N]either the Board nor the Court may reweigh the WCJ's credibility determinations. … Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal.

*Furnari*, 90 A.3d at 70.

The WCJ's credibility determinations here were supported by the record and well within his discretion. The WCJ had the opportunity to observe Claimant's demeanor. *See Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1053 (Pa. 2003) (where witness testified in person before WCJ, no explanation of credibility determination is required). In addition, the WCJ explained that Claimant's testimony was not credible because it

7

was contradicted by her prior statements, her medical records, and the credible testimony of Employer's witnesses. (WCJ Decision F.F. ¶24.) The WCJ explained that he rejected Dr. Lam's opinion because it was based on Claimant's non-credible subjective complaints and because Dr. Mauthe's testimony was more consistent with Claimant's medical records. (*Id.* F.F. ¶25.) Contrary to Claimant's assertions, the WCJ was not required to find Dr. Lam more credible than Dr. Mauthe because she was Claimant's treating physician. *Anderson*, 15 A.3d at 946-49; *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 562 A.2d 437, 441 n.6 (Pa. Cmwlth. 1989). Given the WCJ's credibility determinations, Claimant could not meet her burden of proving that her injury and disability continued beyond April 25, 2016. Affirmance would therefore be required, even if Claimant's appeal to the Board had been timely filed.

Because Claimant filed her appeal to the Board more than 20 days after the WCJ's decision, the Board correctly quashed her appeal as untimely. Accordingly, we affirm the Board's order.

_____
JAMES GARDNER COLINS, Senior Judge


Judge Fizzano Cannon did not participate in this decision.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vanessa B. Soto-Melendez,           :
                                    :
              Petitioner            :
                                    :
      v.                            :     No. 167 C.D. 2018
                                    :
Workers' Compensation Appeal        :
Board (High Concrete Group LLC),    :
                                    :
              Respondent            :

# **O R D E R**

AND NOW, this 21st day of August, 2018, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

                                    _____
                                    JAMES GARDNER COLINS, Senior Judge