# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cassandra Perkins, :
                    Petitioner :
                             :
            v. :
                             :
Workers' Compensation Appeal :
Board (Sewickley Car Store), : No. 399 C.D. 2019
                    Respondent : Submitted: July 19, 2019


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED:  August 12, 2019


Cassandra Perkins (Claimant), pro se, petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) February 14, 2019 opinion and order (Opinion and Order) which dismissed, as untimely, Claimant's appeal from the Workers' Compensation Judge's (WCJ) January 22, 2018 decision (January 22, 2018 Decision).  The sole issue before this Court is whether the Board properly dismissed Claimant's appeal as untimely.[1]  After review, we affirm.

---

[1] Claimant's brief focuses on the merits of her substantive benefits claims, her former attorney's allegedly inadequate representation, and her employer's witnesses' alleged dishonesty, rather than the timeliness of her appeal to the Board.  Notwithstanding, this Court considers whether the Board properly concluded that Claimant's appeal was untimely, because "the question of the timeliness of the appeal goes to the subject matter jurisdiction of the [body] to hear it[,]" *Scott v. Bristol Twp. Police Dep't*, 669 A.2d 457 (Pa. Cmwlth. 1995), and "[t]he question of subject matter jurisdiction . . . can never be waived; it may be raised at any stage in the proceedings or sua sponte by the court."  *Pa. Nat'l Guard v. Workmen's Comp. Appeal Bd.*, 437 A.2d 494, 496 (Pa. Cmwlth. 1981).  Further, Claimant raised the issue in her review petition to this Court and it is the only issue addressed by the Board in its Opinion and Order.

On December 4, 2013, Claimant sustained a work-related right finger injury in the course and scope of her employment as a car detailer for Sewickley Car Store (Employer). Beginning December 17, 2013, Claimant lost time from work. Employer issued a Notice of Temporary Compensation Payable identifying Claimant's injury as a "right 4[th] [Proximal Interphalangeal (]PIP[) Radial Collateral Ligament (]RCL[)] tear[.]" Supplemental Reproduced Record (S.R.R.) at 82a.[2]

On January 13, 2014, Claimant returned to work in a modified-duty office position with Employer. Employer and Claimant executed a compensation agreement (Agreement), addressing total disability benefits from December 17, 2013 through January 12, 2014, and partial disability benefits commencing January 13, 2014. The Agreement also provided for partial disability benefit payments as of February 16, 2014. Claimant remained in the modified-duty position until May 16, 2014, when Employer terminated her employment for insubordination and refusal to follow work orders.

On May 21, 2014, Claimant filed a petition to reinstate WC benefits (Reinstatement Petition) seeking total disability benefits as of May 16, 2014, alleging that since her light-duty position was eliminated on that date, she was entitled to have her benefits reinstated. On June 2, 2014, Employer filed termination and review medical treatment petitions (Termination and Review Petitions) based upon the results of its May 14, 2014 independent medical examination. On November 10, 2015, the WCJ denied and dismissed the Reinstatement Petition, finding Employer's witnesses more credible than Claimant, and Claimant's discharge justifiable. The

---

[2] Claimant's brief to this Court included a reproduced record. Thereafter, Employer filed a supplemental reproduced record titled "Reproduced Record[,]" using a lowercase "a" following each page number. Pennsylvania Rule of Appellate Procedure 2173 requires that supplemental reproduced record pages use a lowercase "b" following each page number. For purposes of clarity, this Court references Employer's reproduced record as "S.R.R." and cites to the pages using the small "a" as used by Employer.

2

WCJ also granted Employer's Termination and Review Petitions, finding Employer's expert's opinion that Claimant had fully recovered, more credible than Claimant's expert.[3]

Two days later, on November 12, 2015, Claimant filed a second petition for reinstatement of WC benefits (Second Reinstatement Petition), seeking reinstatement of her total disability benefits because her condition worsened. In addition, Claimant filed a petition to review medical treatment and/or billing, alleging an incorrect injury description (Medical Review Petition). Employer raised *res judicata* and collateral estoppel defenses to the Second Reinstatement Petition. In the January 22, 2018 Decision, the WCJ denied the Second Reinstatement Petition and the Medical Review Petition. The WCJ's cover letter accompanying the January 22, 2018 Decision, notified the parties that appeals must be filed within 20 days from the date thereof. *See* S.R.R. at 80a.

On February 17, 2018, Claimant mailed her pro se appeal from the January 22, 2018 Decision (Appeal) to the Board via FedEx Express,[4] which the Board received on February 21, 2018. *See* S.R.R. at 33a, 76a. Thereafter, Employer filed a Motion to Quash Claimant's Appeal as untimely (Motion) under Section 423(a) of the WC Act (Act).[5] On February 14, 2019, the Board issued the Opinion and Order granting the Motion and dismissing Claimant's Appeal as untimely. Claimant appealed to this Court.[6]

This Court has explained:

---

[3] Claimant appealed from the WCJ's November 10, 2015 decision to the Board, which affirmed the WCJ's decision on May 24, 2016.

[4] Notably, Claimant dated the appeal document February 16, 2018. However, the FedEx Express mailing label reflects that Claimant mailed the document on February 17, 2018.

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 853.

[6] "This Court's review is limited to a determination of whether necessary findings of facts are supported by substantial evidence, whether the Board's procedures were violated, whether constitutional rights were violated or [whether] an error of law was committed." *Mills v. Workers' Comp. Appeal Bd. (Sch. Dist. of Harrisburg)*, 24 A.3d 1094, 1096 n.2 (Pa. Cmwlth. 2011).

Under Section 423(a) of the Act, a party has 20 days to file an appeal with the Board. Appeals filed after this timeframe are untimely and divest the Board of jurisdiction to reach the merits of the issues raised in the appeal. Under Section 111.3 of the Special Rules [of Administrative Practice and Procedure before the Board (Special Rules), 34 Pa. Code § 111.3], an appeal is considered filed as of the date of the United States Postal Service postmark on the envelope. **When a party uses a private postmark, the appeal is deemed filed as of the date the Board receives the appeal.**

*Mills v. Workers' Comp. Appeal Bd. (Sch. Dist. of Harrisburg)*, 24 A.3d 1094, 1096 (Pa. Cmwlth. 2011) (emphasis added; citation omitted). Further, "[t]**he 20-day appeal period is to be strictly observed**. The time for taking an administrative appeal cannot be extended as a matter of grace or mere indulgence." *Mills*, 24 A.3d at 1097 (emphasis added; citation and footnote omitted). Only where a "delay in taking action was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the claimant, his counsel, or a third party[,]" may the deadline be extended. *Dep't of Labor & Indus., Uninsured Emp'rs Guar. Fund v. Workers' Comp. Appeal Bd. (Gerretz, Reliable Wagon and Auto Body, Inc.)*, 142 A.3d 148, 155 (Pa. Cmwlth. 2016); *see also City of Phila. v. Workers' Comp. Appeal Bd. (Operacz)*, 706 A.2d 1292 (Pa. Cmwlth. 1998); *Tony Grande, Inc. v. Workmen's Comp. Appeal Bd. (Rodriguez)*, 455 A.2d 299 (Pa. Cmwlth. 1983).

To timely appeal from the January 22, 2018 Decision, Claimant was required to file her Appeal with the Board no later than February 12, 2018. The Board received it on February 21, 2018. Because the Appeal was sent with a private postmark, it is deemed to have been filed on February 21, 2018. Consequently, Claimant filed her Appeal nine days beyond the 20-day appeal deadline. As the Board noted in its Opinion and Order, "Claimant d[id] not ask for consideration of her Appeal *nunc pro tunc* nor offer any explanation for the late filing." S.R.R. at 95a

(italics added).  Accordingly, the Board properly granted the Motion and dismissed Claimant's Appeal as untimely.

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cassandra Perkins, : 
                           Petitioner : 
                           : 
                v. : 
                           : 
Workers' Compensation Appeal : 
Board (Sewickley Car Store), :     No. 399 C.D. 2019
                    Respondent : 

## O R D E R

AND NOW, this 12th day of August, 2019, the Workers' Compensation Appeal Board's February 14, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge