# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevisha Woodley, : 
              Petitioner : 
  : 
  : 
      v. : 
  : 
Independence Blue Cross : 
(Workers' Compensation Appeal : 
Board), :   No. 5 C.D. 2021 
           Respondent :   Submitted: June 25, 2021


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: July 27, 2021

        Kevisha Woodley (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) December 8, 2020 order affirming the Workers' Compensation Judge's (WCJ) decision that granted Claimant's Claim Petition, and directed Independence Blue Cross (Employer) to: pay Claimant temporary total disability (TTD) benefits from May 3, 2018, and ongoing, with credit for any WC benefits paid under the temporary notice of compensation payable (TNCP) for any wages earned, and for disability benefits paid, with statutory interest on the net amount payable; deduct 20% of such net TTD benefits and interest owed to Claimant after deduction of credits, and pay that amount to Claimant's counsel; reimburse Claimant's counsel's costs of litigation in the amount of $3,830.00; and pay Claimant's medical expenses for treatment that is reasonable, necessary and related to the work injury. There are three issues before this Court: (1) whether Claimant's appeal should be quashed for untimeliness; (2) whether Claimant's request for *nunc pro tunc* relief

should be granted; and (3) whether the WCJ erred as a matter of law regarding the proper calculation of the attorney fee deduction from the gross amount awarded, and whether that amount may be reduced by the credit for health and accident benefits paid by Employer in accordance with *Ford Aerospace v. Workmen's Compensation Appeal Board (Davis)*, 478 A.2d 507 (Pa. Cmwlth. 1984). After review, this Court quashes Claimant's appeal.

On November 9, 2018, Employer issued a TNCP for an August 29, 2018 injury described as bilateral carpal tunnel syndrome. On November 12, 2018, Employer issued a Notice Stopping Temporary Compensation as of November 8, 2018, and a Notice of WC Denial (NCD). The NCD indicated that the claim was denied because Claimant did not suffer a work-related injury.

On November 15, 2018, Claimant filed a pro se claim petition alleging bilateral carpal tunnel syndrome, anxiety, and numbness in both feet, occurring on May 2, 2018, and seeking TTD benefits from May 3, 2018, and ongoing. On December 12, 2018, Claimant, through counsel, filed the Claim Petition alleging a cumulative stress injury arising from overuse of both hands and wrists, diagnosed as of August 29, 2018. Claimant alleged in the Claim Petition that she was totally disabled from May 2, 2018, and ongoing.

On January 16, 2020, the WCJ granted the Claim Petition and ordered Employer to pay Claimant $703.30 per week in TTD benefits from May 3, 2018, and ongoing, with credits to Employer for Employer-funded disability benefits, benefits paid under the TNCP, and any wages earned. The WCJ approved a 20% contingent fee agreement. The WCJ further ordered that the 20% contingent fee be calculated after deduction of the credit for Employer-funded disability benefits.

On January 31, 2020, the WCJ issued an amended decision changing Claimant's benefit rate to $512.50 per week based on an average weekly wage of $703.30, but reaffirming the January 16, 2020 decision in all other respects. Claimant

2

appealed to the Board from the manner of the contingent fee calculation only. On December 8, 2020, the Board affirmed the WCJ's decision. Claimant appealed to this Court on January 11, 2021.

By March 30, 2021 Order, this Court directed the parties to address, in their principal briefs on the merits or in an appropriate motion, whether the appeal is untimely. On May 11, 2021, Employer filed a Motion to Quash. By June 21, 2021 Order, this Court directed:

> [I]t appearing that [Claimant] attached to her brief a separate request that this Court consider her appeal *nunc pro tunc*, alleging that her Petition for Review [(PFR)] was mailed on January 4, 2021, as evidenced by the private postal mark on the envelope containing the same, but did not arrive in a timely manner due to significant mail delays caused by United States Postal Service budget cuts, especially in the Philadelphia area, [Employer's] Motion [to Quash] and [Claimant's] request shall be listed with the merits of the appeal.

June 21, 2021 Order.

Initially, Pennsylvania Rule of Appellate Procedure (Rule) 1512(a) requires "a [PFR] . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a). Because the Board's order was entered on December 8, 2020, Claimant's PFR was due by January 7, 2021. Claimant's PFR was received on January 11, 2021.

> Rule 1514(a) provides, in relevant part:
>
> **Filing with the prothonotary.**--The [PFR], with proof of the service that is required by paragraph (c) of this [R]ule [(relating to service on necessary government parties)], shall be filed with the prothonotary of the appellate court in person or by first class, express, or priority United States Postal Service mail.
>
> If the [PFR] is filed by first class, express, or priority United States Postal Service mail, **the [PFR] shall be deemed**

3

**received by the prothonotary for the purposes of** [**Rule**] **121(a)** [(relating to filing with the prothonotary)] **on the date deposited in the United States mail**, **as shown on a United States Postal Service Form 3817** [(**Form 3817**)], **Certificate of Mailing**, **or other similar United States Postal Service form from which the date of deposit can be verified**. The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the docket number of the matter in the government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.

Pa.R.A.P. 1514(a) (text emphasis added).

This Court has explained:

Rule 1514 has two critical requirements for using Form 3817s. First, the [F]orm [3817] must identify the case to which it pertains. [*See*] Pa. R.A.P. 1514(a). Second, the party must include the [F]orm [3817] in the mailing, or mail it separately to the prothonotary. [*See i*]*d.* The clear import of these requirements is that they enable the prothonotary to view the case docket number and the United States Postal Service postmark on the Form 3817 and to immediately determine whether a filing is timely.

*Mills v. Workers' Comp. Appeal Bd. (Sch. Dist. of Harrisburg)*, 24 A.3d 1094, 1096 (Pa. Cmwlth. 2011).

Here, Claimant mailed her PFR envelope separately to the Prothonotary, as proof that her appeal was timely filed. Claimant's PFR envelope contains a private postmark with a date of January 4, 2021.[1] However, the PFR envelope does not include the identity of the case to which it pertains. The PFR envelope "only show[s] that Claimant's counsel mailed *something* to this Court in the days before the [PFR] was due, not that Claimant timely mailed the [PFR] in this case." *Temple E., Inc. v. Workers' Comp. Appeal Bd. (Perri)* (Pa. Cmwlth. Nos. 286, 463 C.D. 2018, filed Dec.

---

[1] A private postmark is not the equivalent of a United States Postal Service postmark and cannot establish the mailing date. *See Lin v. Unemployment Comp. Bd. of Rev.*, 735 A.2d 697 (Pa. 1999); *Sellers v. Workers' Comp. Appeal Bd. (HMT Const. Servs., Inc.)*, 713 A.2d 87 (Pa. 1998).

20, 2018), slip op. at 12.[2]  "[Rule] 1514(a), which permits a [PFR] to take the date of mailing rather than the date of receipt when the petitioner also submits a time-stamped [United States Postal Service] certificate of mailing form, requires that the petitioner indicate the agency docket number on the form."  *Id*., slip op. at 12 n.7.  Because Claimant did not submit a "Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified," the date of her appeal is the date which it was received by the Commonwealth Court's Prothonotary, as indicated by this Court's January 11, 2021 timestamp.  Pa.R.A.P. 1514(a).  Accordingly, Claimant's appeal was untimely filed.

Notwithstanding, Claimant requests that this Court consider her appeal *nunc pro tunc*, alleging that Claimant's counsel mailed her PFR on January 4, 2021, but it did not arrive until January 11, 2021, three days after the expiration date for filing the appeal, due to significant mail delays caused by United States Postal Service budget cuts, especially in the Philadelphia area.

The Pennsylvania Supreme Court has clarified that, to permit an appeal *nunc pro tunc*, an appellant must prove: "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay."  *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001).  Our Supreme Court further ruled that, "as delays in the U[nited] S[tates] mail are both foreseeable and avoidable, [a claimant's] failure to anticipate a potential delay in the mail [is] not such a non-negligent circumstance for

_____

[2] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.  *Temple East, Inc.* is cited herein for its persuasive value.

5

which an appeal *nunc pro tunc* may be granted." *Id*. at 1160. Accordingly, because mailing delays are not non-negligent circumstances, Claimant failed to establish a basis for *nunc pro tunc* relief.

  For all of the above reasons, Claimant's appeal is quashed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevisha Woodley,                :
         Petitioner      :
                       :
        v.               :
                       :
Independence Blue Cross   :
(Workers' Compensation Appeal   :
Board),                  :   No. 5 C.D. 2021
        Respondent    :

## O R D E R

AND NOW, this 27th day of July, 2021, Independence Blue Cross's Motion to Quash is GRANTED, and Kevisha Woodley's (Petitioner) Request for *Nunc Pro Tunc* Relief is DENIED. Petitioner's appeal from the Workers' Compensation Appeal Board's December 8, 2020 order is quashed.

_____
ANNE E. COVEY, Judge