IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Neff,                                      :
           Petitioner                  :
                                          :
           v.                         :     No. 1602 C.D. 2022
                                           :
Heat Treating, Inc. (Workers'                     :     Submitted: May 7, 2024
Compensation Appeal Board),                       :
           Respondent                  :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STACY WALLACE, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: June 5, 2024

        Ronald Neff (Claimant), proceeding *pro se*, petitions for review of the Workers' Compensation Appeal Board's (Board) March 24, 2022 order affirming the Workers' Compensation Judge's (WCJ) July 20, 2021 decision which partially granted the claim petition Claimant filed against Heat Treating, Inc. (Employer). For the reasons that follow, we quash Claimant's petition for review filed with this Court.

## I. Background

        On November 11, 2018, Claimant sustained a transient ischemic attack (TIA), facial numbness, and dizziness due to overly strenuous hours and working conditions while employed as an operations manager by Employer. Claimant filed a claim petition on May 22, 2019, in which he requested the payment of full disability benefits as of the date of the episode, along with payment of medical bills and counsel fees (Claim Petition).

Hearings were held before the WCJ who circulated a Decision and Order on July 20, 2021 granting the Claim Petition in part and denying it in part. The WCJ found that although Claimant did suffer a work-related TIA, he was able to return to his pre-injury employment shortly after the incident on November 19, 2018, without restrictions or limitations. Accordingly, the WCJ granted the Claim Petition for medical benefits for treatment of the TIA on November 11 and 12, 2018, only and awarded counsel fees. *See* WCJ Decision, 7/20/21, at 15-16.

Claimant appealed to the Board, challenging the WCJ's finding that he had fully recovered from his work injury. The Board affirmed the decision by Opinion and Order mailed March 24, 2022, in which it concluded that the WCJ's determinations were fully supported by the record. (*See* Board Op., 3/24/22, at 11.)

Approximately seven months later, Claimant attempted to petition this Court for review of the Board's Order *pro se* via email on November 4, 2022. This Court issued a Notice on December 19, 2022, providing Claimant with detailed instructions regarding the appeal process and enclosing a blank petition for review form. Claimant filed his petition for review three months later, on March 22, 2023 (Petition). On May 12, 2023, this Court issued an Order noting the potential untimeliness of this appeal and directing the parties to address this jurisdictional issue in their briefs or by appropriate motion.

## II. Analysis[1]

On appeal, Claimant challenges the Board's decision affirming the WCJ's determination that he has fully recovered from his work injury. (Claimant's Br., at 5-

---

[1] Our standard of review is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 81 A.3d 830, 838 (Pa. 2013).

7.) Employer counters that Claimant's Petition filed with this Court is untimely and should be quashed. (Employer's Br., at 8-10.) Claimant does not address whether his appeal is properly before this Court.

We first consider whether Claimant's Petition was timely filed, as it implicates our jurisdiction over this appeal. *See Sellers v. Workers' Compensation Appeal Board (HMT Construction Services, Inc.)*, 713 A.2d 87, 89 (Pa. 1998) (stating that failure to bring timely appeal from order of Board is jurisdictional matter that may be raised *sua sponte* and preclude this Court from reaching merits). Our Pennsylvania Rules of Appellate Procedure provide that "a petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1). Additionally, "an appellate court . . . may not enlarge the time for filing . . . a petition for review[.]" Pa.R.A.P. 105(b).

Instantly, the deadline for Claimant to file a timely appeal from the Board's order with Court was Monday, April 25, 2022.[2] As outlined above, Claimant did not file his Petition in this Court until March 22, 2023, nearly one year after the Board issued its order, well in excess of the 30-day statutory appeal period. Although Claimant had earlier attempted to appeal the Board's decision in November of 2022 via email, even that communication was sent several months after the filing deadline. Given the patent untimeliness of Claimant's Petition, we are without jurisdiction to consider it and therefore quash this appeal as untimely.

_____
PATRICIA A. McCULLOUGH, Judge

---

[2] The 30-day filing deadline from the Board's March 24, 2022 Order fell on a weekend. *See* 1 Pa.C.S. § 1908 (omitting last day from computation period when it falls on weekend or holiday).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Neff,                                    :
                Petitioner     :
                               :
          v.                           :   No. 1602 C.D. 2022
                               :
Heat Treating, Inc. (Workers'                  :
Compensation Appeal Board),                    :
             Respondent       :

## *ORDER*

AND NOW, this 5th day of June, 2024, Petitioner Ronald Neff's petition for review of the order of the Workers' Compensation Appeal Board dated March 24, 2022, is hereby QUASHED as untimely.

_____
PATRICIA A. McCULLOUGH, Judge